INEZ LEBEAU V. HIGHWAY INSURANCE UNDERWRITERS.

No. A-471. Decided April 18, 1945.
Rehearing overruled May 16, 1945.
(187 S. W., 2d Series, 73.)

590

*Donald & Donald,* and *Joe H. Cleveland,* all of Bowie, for petitioner.

*T. H. Yarbrough,* of Bowie, and *Straburger, Price, Holland, Kelton & Miller,* and *Hobert Price,* all of Dallas, for respondent.

MR. JUDGE HICKMAN, of the Commission of Appeals, delivered the opinion for the Court.

This is a workmen's compensation case. In the trial court Mrs. Inez LeBeau, for herself and as next friend for her minor son, sole survivors of R. C. LeBeau, deceased, was awarded judgment in a lump sum against respondent on account of the death of her husband while in the course of his employment as an employee of J. D. Franklin, who carried a policy of workmen's compensation insurance with respondent. On original hearing the Court of Civil Appeals reversed the trial court's judgment and remanded the case thereto for another trial. On rehearing that court set aside its former judgment in so far as it remanded the case for another trial and rendered judgment in favor of respondent, one of the justices dissenting. 184 S. W. (2d) 671. In this opinion Mrs. LeBeau will be referred to as plaintiff and the insurance company as defendant.

■ In answer to plaintiff's petition in the trial court the defendant, following its general denial, specially pleaded that the policy declared upon was a policy of workmen's compensation insurance which affords protection to a workman only when he has an accident and suffers an injury or dies as the result thereof; that the deceased had no accident; that his work did not contribute to his death, but that his death was a natural one resulting from natural causes and would have occurred regardless of what he was doing at the time of his death. The pleading was clearly sufficient to entitle the defendant to have special issues submitted to the jury with respect thereto, provided such issues were raised by the evidence.

The Court submitted the case to the jury on special issues. submitted to the jury with respect thereto, provided such issues were raised by the evidence.

The Court submitted the case to the jury on special issues. On the issues submitting the theory of plaintiff answers were returned favorable to her. The defensive issue pleaded by the defendant was submitted to the jury by two special issues as follows:

"SPECIAL ISSUE NO. 5. Do you find from a preponderance of the evidence that R. C. LeBeau's death was not the result of

natural cause or causes? Answer 'It was due to natural cause or causes' or 'It was not due to natural cause or causes.' ANSWER_____.

"SPECIAL ISSUE NO. 6. Do you find from a preponderance of the evidence that the death of R. C. LeBeau was caused by an accident? Answer 'It was not caused by an accident' or 'It was caused by an accident.' ANSWER_____."

The jury was unable to agree upon the answers to either of these issues, but its verdict was received by the Court with each unanswered and judgment rendered thereon in favor of plaintiff upon the answers to the issues submitting her theory of recovery.

■ In each of the various opinions by the Court of Civil Appeals, including the dissenting opinions, it was ruled, all judges concurring, that the trial court erred in rendering judgment on this incomplete verdict. The principal opinion in that court discusses the evidence at sufficient length to make it appear beyond question, in our opinion, that it raised an issue of fact as to the validity of the defense. Since that opinion has been published, (184 S. W. (2d) 671) no reason is perceived why we should write further upon the evidence. We approve the holding of the Court of Civil Appeals that, for the error of the trial court in rendering judgment upon this incomplete verdict the case should be reversed.

■ In our opinion, it will not be necessary upon another trial for the court to submit both of the special issues copied above. In effect they submit the same defense and it should not be split up into two special issues.

■ This brings us to a consideration of the grounds upon which the Court of Civil Appeals, on rehearing, rendered judgment in favor of the defendant. After plaintiff had rested her case and the defendant had offered some of its testimony it then recalled J. D. Franklin, the employer, to the witness stand for further examination and elicited from him the testimony that he had never at any time had more than two employees. Based upon this testimony the Court of Civil Appeals ruled that, since the employer had less than the minimum number of employees required to bring him within the purview of the workmen's compensation law, a claim could not be prosecuted by the plaintiff under that law, and therefore an insurmountable barrier to

her right of recovery had been established rendering it idle to remand the cause for another trial.

The first provision of our workmen's compensation law is Article 8306, R. S. 1925, Section 1. In substance it provides that, in an action to recover damages for personal injuries sustained by an employee in the course of his employment or for death resulting from injuries so sustained, certain defenses shall not be available. Section 2 of that article reads as follows:

"The provisions of this law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, ranch laborers, nor to employes of any firm, person or corporation having in his or their employ less than three employes, nor to the employes of any person, firm or corporation operating any steam, electric, street, or interurban railway as a common carrier. Any employer of three or more employes at the time of becoming a subscriber shall remain a subscriber subject to all the rights, liabilities, duties and exemptions of such, notwithstanding after having become a subscriber the number of employes may at times be less than three."

A strong argument is pressed here by plaintiff that this section is referable only to actions to recover damages, as mentioned in Section 1, and that it should not be construed as a limitation upon the right of an employer to procure a policy of workmen's compensation insurance for the protection of a single employee, if he has only one.

In Hill v. Georgia Casualty Company (Com. App.) 45 S. W. (2d) 566, it was definitely held that under the section above quoted farm and ranch laborers were excepted from the operation of the workmen's compensation law and could not recover compensation thereunder even though their employer had procured a policy of workmen's compensation covering his employees generally. Under Section 2 "farm laborers" and "employees of any firm, person or corporation having in his or their employ less than three employees" are placed in the same category and no distinction can be made between them with reference to the applicability of that law. We are therefore led to the conclusion that, upon the authority of the Hill case it must be ruled that an employee of an employer who does not have and has never had as many as three employees is not covered by the provisions of the workmen's compensation law.

■ But it does not follow that we approve the judgment of the Court of Civil Appeals rendering the case in favor of the defendant. This for two reasons: In the first place, there is no competent testimony in the record that Franklin, the employer, had less than three employees. It is provided in rule of civil procedure No. 93, Section n, that in the trial of compensation cases "the following, if plead, shall be presumed to be true as plead * * * unless denied by verified pleadings. * * * (6) That the insurance company alleged to have been the carrier of the workmen's compensation insurance at the time of the alleged injury was in fact the carrier thereof."

The plaintiff's petition alleged facts which made out a prima facie case of liability against the defendant for compensation on account of the death of R. C. LeBeau. It alleged, in substance and effect, that defendant was the carrier of valid compensation insurance covering the deceased. In its answer the defendant filed no verified pleading and no special pleading of any kind which would give notice of its claim that it was not the carrier of such workmen's compensation insurance. As stated above, after plaintiff had rested her case and the defendant had introduced a part of its testimony it then recalled Franklin, the employer, and from him elicited testimony to the effect that he had never had as many as three employees. Plaintiff's objection to this testimony on the ground that there was no verified pleading authorizing its introduction should have been sustained under the above rule. That rule was meant to serve a very definite and useful purpose and has been given a liberal construction by this Court. Southern Underwriters v. Tullos, 136 Texas 408, 151 S. W. (2d) 789. We are well convinced that it was intended that it should be applicable in a case like this. The conclusion follows that, absent the verified plea, there is no competent evidence on the question.

■ In the second place, it does not appear that the case has been fully developed, or that plaintiff will be unable to recover upon another trial. The rule just considered (No. 93) contains a provision that the verified plea above mentioned may be made in an amended pleading. Should defendant file such plea in an amended answer after the case is remanded, and should plaintiff be unable to meet the fact issue raised thereby, she may still be able to plead and prove a cause of action against defendant on the contract of insurance. Defendant was not created by the workmen's compensation law, as was the Texas Employer's Insurance Association, for a special and limited purpose. So far as this record discloses, it is authorized to write policies

other than those falling strictly within the terms of the compensation statutes. We are unable to hold in the present state of development of the case that the contract under review is void and unenforceable. Of course, we cannot here decide any question of liability based upon supposed pleadings and evidence, but we do hold that plaintiff should be afforded an opportunity to develop her case to determine whether the facts bring it within the principles of such cases as Southern Casualty Co. v. Morgan (Com. App.), 12 S. W. (2d) 200, 16 S. W. (2d) 533; McCaleb v. Continental Casualty Co., 132 Texas 65, 116 S. W. (2d) 679, and Federal Underwriters Exchange v. Cupit, 172 S. W. (2d) 105 (error refused for want of merit).

The judgment of the trial court awarding plaintiff a recovery and the judgment of the Court of Civil Appeals reversing and rendering the case are both reversed and the cause is remanded to the trial court.

Opinion adopted by the Supreme Court April 18, 1945.

Rehearing overruled May 16, 1945.