Jimmy HEDGEMAN, Appellant,

v.

BERWIND RAILWAY SERVICE COMPANY, Appellee.

No. 1018.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 24, 1974.

Rehearing Denied Sept. 4, 1974.

**828**

Gerald H. Buttrill, Miller, Gann & Perdue, Houston, for appellant.

Judson R. Wood, Vinson, Elkins, Searls, Connally & Smith, Houston, for appellee.

COULSON, Justice.

This is a common law negligence action by an employee against his employer. Appellant Jimmy Hedgeman, sued appellee, the Berwind Railway Service Company, his employer, and, alternatively, The Charter Oak Fire Insurance Company, the employer's workmen's compensation insurance carrier on the basis of total and permanent disability. The carrier confessed judgment for the maximum amount of workmen's compensation benefits plus past and future medical expenses. A severance was ordered, and final judgment was rendered upon the carrier's confession of judgment. Appellant then proceeded with his suit against his employer on the basis of common law negligence. Trial was to the court, which rendered judgment for appellee. The trial judge entered conclusions of law to the effect that the rendition of judgment against the carrier barred a common law negligence suit against the employer and that a suit for common law damages cannot be maintained against a subscriber under the Texas Workmen's Compensation Act.

Appellant was employed by appellee as a sandblaster, cleaning the insides of railroad tank cars. After approximately five years of this work, appellant was permanently and totally disabled with a condition diagnosed as progressive interstitial pneumonitis with secondary fibrosis. Appellant filed a claim for workmen's compensation, but the Industrial Accident Board denied it on the ground that the disability occurred prior to the 1971 amendment of § 20 of Article 8306, Vernon's Ann.Civ.St., (which previously listed covered diseases) and appellant's disease was not listed. Appellant sued for workmen's compensation benefits from the compensation carrier or, in the alternative, for common law damages from his employer on the ground that it had failed either to provide a safe place to work or to provide safety equipment. Charter Oak Fire Insurance Company was both appellee's compensation carrier and its general liability insurer.

Charter Oak confessed judgment as to its workmen's compensation liability and made a motion to sever. The cases were severed, and judgment was rendered against Charter Oak for the maximum benefits. At the bottom of the trial court's judgment is a recitation by appellant and his attorney acknowledging receipt of the sum awarded by the judgment. Appellant's judgment against Charter Oak was rendered over appellant's exceptions and objections. Appellant then proceeded to present evidence in his case against his employer. At the conclusion of appellant's presentation of evidence, the trial judge rendered judgment for appellee.

Appellant asserts that the common law of Texas recognizes the liability of an employer for an employee's occupational disease. This proposition turns upon whether workmen's compensation is an employee's exclusive remedy when his employer is a subscriber, even if the employee's occupational disease is not covered under the Act. Again, this question turns upon whether appellant's suit for common law negligence is barred by his successful suit for and acceptance of workmen's compensation benefits. We think the present suit is so barred.

The case of Jones v. Jeffreys, 244 S.W. 2d 924 (Tex.Civ.App.—Dallas 1951, writ ref'd), is binding authority in the present case. There the employee had obtained workmen's compensation benefits on the basis that his injuries were accidental. The employee then sued his employer for assault, alleging that the latter had intentionally inflicted the injuries. The court reasoned that "intentional injuries" and "accidental injuries" are inconsistent with each other. It therefore held that the employee's claim for and acceptance of workmen's compensation benefits barred his claim for assault through his election of remedies.

■ Appellant in his petition pleaded for compensation benefits if his disease was a covered occupational disease and for common law damages if his disease was not a covered occupational disease. Either the disease was listed or not, and appellant pleaded in the alternative; the two positions, as in Jones, are entirely inconsistent. Having claimed and accepted workmen's compensation benefits, appellant is barred by his election of remedies from seeking a common law remedy for the same disability.

■ Appellant complains that the doctrine of election of remedies cannot apply when the election is made for a plaintiff by a defendant who confesses judgment. We agree that the doctrine requires a voluntary and knowledgeable choice of remedies by a plaintiff, see Leonard v. Hare, 161 Tex. 28, 336 S.W.2d 619 (1960), but appellant made such a choice by pleading his causes of action alternatively and by successfully prosecuting his compensation claim to judgment. Appellant further made an election by accepting the award of compensation benefits. There is no purpose in law to "exceptions and objections" by a plaintiff to the rendition of a judgment for which he has prayed, even though the judgment is rendered on the basis of a defendant's confession of judgment. Appellant has also intimated that something improper occurred when Charter Oak confessed judgment, because Charter Oak was both the compensation carrier and general liability insurer of appellee, and it may have been choosing the cheaper of two remedies. However, we know of nothing illegal or unethical in this course of events, and it is also clear that appellant presented Charter Oak with this opportunity by his alternative pleading.

Finally, appellant cites Lowry v. Anderson-Berney Bldg. Co., 139 Tex. 29, 161 S. W.2d 459 (Tex. Comm'n App.1942, opinion adopted), for the idea that he is not now estopped to sue his employer. There a compromise agreement was entered into by a painter and a building company's workmen's compensation insurer, and the agreement was approved by the Industrial Accident Board. The painter thereafter sought

to maintain a common law action for damages against the building company, on the theory that he was an independent contractor. The Commission of Appeals held that the painter was not estopped to bring the suit, because the board's approval of the settlement was not "an adjudication" that the painter was an employee. In the case before this Court, the appellant contends that, because of the confession of judgment, it was never adjudicated whether his occupational disease was or was not covered. However, the Lowry case is inapplicable here, because the judgment against Charter Oak was a final and binding adjudication of its liability, and no appeal was taken from that judgment. On the contrary, the award was paid by Charter Oak and accepted by appellant.

Affirmed.