**Rodmiro GUZMAN, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

**No. 8056.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 16, 1978.

Gerald J. Goodwin, Houston, for appellant.

Edward J. Hennessy, Houston, for appellee.

DIES, Chief Justice.

Rodmiro Guzman injured his knee when he fell off a house on which he was working as a roofer. Following an award to Guzman by the Industrial Accident Board, Aetna Casualty & Surety Co. commenced this action. The parties were redesignated in the trial court, with Guzman as plaintiff and Aetna as defendant. At the conclusion of plaintiff's case, the trial court granted defendant's Motion for Instructed Verdict, on the basis that there was no evidence that at the time of his injury Guzman was employed by the Leo V. McConnell Company and covered by defendant's insurance policy. Plaintiff appeals.

Plaintiff's initial complaint is that the trial court erred in granting defendant's Motion for Instructed Verdict because, in the absence of a verified denial by defendant, plaintiff's status as Leo McConnell's employee is presumed under *Tex.R.Civ.P. 93(n)(6)*. This rule reads:

"(n) In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

\* \* \* \* \* \*

(6) that the insurance company alleged to have been the carrier of the workmen's compensation insurance at the time of the alleged injury was in fact the carrier thereof. . . ."

Our Supreme Court has interpreted this Rule to require a verified denial when the carrier denies the existence of a carrier-employer relationship. *LeBeau v. Highway Insurance Underwriters*, 143 Tex. 589, 187 S.W.2d 73 (1945); *Continental Fire and Casualty Ins. Corp. v. Snow*, 213 S.W.2d 720 (Tex.Civ.App.—Eastland 1948, no writ). In both of these cases, the carrier could not assert that the employer had less than the three employees necessary for coverage, in the absence of a verified denial.

No cases have required the carrier to file a verified denial if it wishes to contest a plaintiff's status as an employee, nor can we see any reason to create such a requirement at this time. We believe that *Rule 93(n)(6)* was intended to remove from the plaintiff the burden of pleading and proving a valid contract of compensation insurance between the employer and the insurance company. This is a relationship best known to the insurance carrier, not the employee, and *Rule 93(n)(6)* aids the plaintiff by presuming the existence of such a contract in the absence of a verified denial.

No such rationale exists for presuming an employee-employer relationship if the insurance carrier fails to file a verified

denial. Where there is no written contract of employment, as in this case, employment status is dependent on the employer's right to control the details of the plaintiff's work. See *Allstate Ins. Co. v. Scott*, 511 S.W.2d 412 (Tex.Civ.App.—El Paso 1974, writ ref'd n. r. e.). The plaintiff, not the insurance carrier, is in the best position to testify as to these details.

The injured workman has the burden of proving that, at the time of his accident, he was an employee of the covered employer. *Anchor Casualty Co. v. Hartsfield*, 390 S.W.2d 469 (Tex.1965); *Goodnight v. Zurich Insurance Co.*, 416 S.W.2d 626 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.); *Travelers Ins. Co. v. Gilliland*, 459 S.W.2d 500 (Tex.Civ.App.—El Paso 1970, no writ). We cannot presume the existence of such an essential element of the plaintiff's case simply because the insurance carrier has not filed a verified denial. This point is overruled.

Plaintiff's second point of error complains that the trial court erred in excluding from evidence plaintiff's Exhibits numbers 2 and 3. Exhibit 2 was a carbon copy, on defendant's letterhead, of the insurance carrier's statement of position before the Industrial Accident Board. Exhibit 3 is a copy of Exhibit 2, with all items deleted except those directly related to plaintiff's employment status. Item 3 on both exhibits reads as follows:

"3. The carrier admits that the above named employee was in the employment of the above named employer on or about the date of injury."

Exhibit 2 was submitted to the Industrial Accident Board by "Patsy Standridge, Claim Representative, Houston Casualty Claim Department."

Plaintiff contends that these statements to the Board were admissions against interest by the carrier, and were therefore admissible as direct, substantive evidence at trial. Many courts have indeed held that, where a party takes a position at trial contrary to its position before the Board, then such statements are admissible on trial de novo. *Charter Oak Fire Ins. Co. v. Adams*,

488 S.W.2d 548 (Tex.Civ.App.—Dallas 1972, writ ref'd n. r. e.); *Transamerica Ins. Co. v. Beseda*, 443 S.W.2d 915 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.); *Texas Employers Ins. Ass'n v. Weber*, 386 S.W.2d 835 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); *Liberty Universal Ins. Co. v. Burrell*, 386 S.W.2d 323 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.). We agree with this principle.

■ Plaintiff's problem is not that the carrier's statements to the Industrial Accident Board were *per se* inadmissible, but rather that plaintiff failed to properly authenticate such statements as having been made by an authorized agent of the insurance carrier. The record contains no evidence as to who Patsy Standridge is, if she actually is employed by the defendant, or if she is authorized to make such an admission as part of her normal business activities.

In *Charter Oak Fire Ins. Co.*, supra, and *Texas Employers Ins. Ass'n*, supra, it was apparently presumed that the person writing the letter to the Board was the authorized agent of the carrier. In *Texas General Indemnity Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651, 655–56 (1952), our Supreme Court stated that before a statement filed with the Board is admissible at trial de novo, there must be a clear showing of agency, and that the statement is one of fact and not opinion.

We also note the case of *Federal Underwriters Exchange v. Cost*, 115 S.W.2d 706, 710 (Tex.Civ.App.—Beaumont 1938), affirmed 132 Tex. 299, 123 S.W.2d 332 (1938), where the only evidence that the defendant was in fact the insurance carrier for the employer was a letter on its letterhead written to plaintiff's counsel while the case was still before the Industrial Accident Board. The signer of the letter did not testify at trial, but two other witnesses testified that the signer was the carrier's claims adjuster when he wrote the letter. The court held that this testimony was sufficient authentication to make the letter admissible.

In the present case, there is no evidence that the letter was written by someone authorized to make admissions for the carrier. Plaintiff's second point is overruled.

■ In his third and final point of error, plaintiff argues that the trial court erred in granting defendant's Motion for Instructed Verdict, because there was sufficient evidence to raise the issue of employee relationship. The recognized test to make this determination is whether or not Leo McConnell had the right to control the details of Rodmiro Guzman's work. *Allstate Ins. Co. v. Scott*, supra. Where the trial court has granted defendant's Motion for Instructed Verdict, we must look only at the evidence most favorable to plaintiff, and disregard all other testimony. *Elder v. Aetna Casualty & Surety Co.*, 149 Tex. 620, 236 S.W.2d 611, 613 (1951).

■ In the absence of an express contract of employment, actual exercise of control is the best evidence of the right to control. *Allstate Ins. Co. v. Scott*, supra. Acts of control sufficient to make an injured roofer an employee are discussed in detail in *Gaines v. Allstate Ins. Co.*, 353 S.W.2d 471 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.).

■ In our case, even viewing the evidence most favorably to plaintiff, we have no written contract and no evidence of actual control by Leo McConnell over Rodmiro Guzman's work. Nor do we have any testimony of the right to control such work. Any finding that Leo McConnell had the right to control Rodmiro Guzman's employment would be supposition, and we agree with the trial court that there was no evidence to raise the issue of employment status. This point is overruled.

Having found no reversible error, we affirm the judgment of the trial court.

AFFIRMED.