**Sandra Sue JOHNSON, Appellant,**

v.

**William JOHNSON, Appellee.**

**No. 8233.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 22, 1979.

Motion for Rehearing Overruled March 15, 1979.

Steven D. Ross, Elizabeth C. Petit, Beaumont, for appellant.

John Paul Davis, Beaumont, for appellee.

KEITH, Justice.

Petitioner below appeals from a judgment entered in an equitable bill of review proceeding of a divorce decree previously entered by the trial court. She seeks to include in the decree Bobby Savoy as a child born to her marriage to respondent.

Bobby Joseph Savoy was born on September 23, 1967, to Sandra Savoy, then a single woman. On November 29, 1969, Sandra married William Johnson. Another son was born to Sandra during this marriage. In 1975, William entered into a voluntary support agreement with the Jefferson County District Attorney's office for both children. In October 1975, Sandra filed a suit affecting the parent-child relationship in which she alleged that both children were born to her and William. On February 17, 1976, a decree was entered in the suit affecting the parent-child relationship which contained the following finding: "Sandra Johnson and William Johnson are separated and are the parents of the following children . . Bobby J. Savoy . . . William B. Johnson . . . .". That decree was signed and approved by William's attorney.

Meanwhile, Sandra filed a divorce petition in which she alleged that two children

"were born to the parties to the marriage": Bobby Joseph Savoy and William Bryon Johnson. William filed a general denial and cross-action for divorce, alleging two children "were born to or adopted by the parties to the marriage": Bobby Joseph Savoy and William Bryon Johnson. No amended pleadings were filed. On June 25, 1976, a divorce decree was entered which failed to include Bobby Savoy as a child of the parties to the marriage.

Prior to the entry of the divorce decree, Sandra's attorney notified her by letter that he intended to withdraw from her case if his fee was not paid. William's attorney received a copy of this letter. Despite this notice of the termination of their attorney-client relationship, William's attorney forwarded a proposed divorce decree to Sandra's former attorney, who, without authority or notice to his former client, signed the proposed decree. The decree was entered by the court without notice being given to Sandra. Lacking knowledge of the entry of the decree, Sandra did not file a motion for new trial in the divorce cause. Therefore, she filed a petition for an equitable bill of review.

In a bill of review case, the moving party must allege and prove the following elements:

"(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own."

*Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 243 (Tex.1974), and authorities therein cited. The trial court found that Sandra proved elements (2) and (3) but failed to prove a meritorious claim by a preponderance of the evidence, *i. e.*, "she has failed to prove that a Decree in a Suit Affecting the Parent-Child Relationship, wherein Respondent was declared the 'parent' of Bobby Savoy, conclusively establishes the child's paternity for purposes of subsequent divorce proceedings." Petitioner has perfected her appeal from this judgment.

In her second point of error, petitioner complains that the trial court erred as a matter of law in holding that she failed to establish a meritorious claim for her bill of review. We agree.

In the pleadings for his cross-action, respondent alleged:

"The following children were born to or adopted by the parties to the marriage:
Bobby Joseph Savoy, born September 23, 1976 [sic];
William Bryon Johnson, born November 2, 1971.
❋ ❋ ❋ ❋ ❋ ❋

"The children now reside with Cross Respondent. Cross Respondent should be appointed Managing Conservator of the children, and Cross Petitioner is willing to contribute to their support until the youngest child reaches the age of 18, in an amount to be set by the Court."

These pleadings were never amended.

■ The facts admitted in a pleading are considered judicial admissions, or "a substitute for evidence":

"As long as the pleading remains unamended . . . the fact alleged or admitted, for the purposes of the case, is accepted as true by the court and jury and binding on the party making it, i. e., he cannot introduce evidence to contradict it."

*2 C. McCormick & R. Ray, Texas Law of Evidence § 1127, at 25 (1956).* See also *Bosse v. Cadwallader*, 86 Tex. 336, 24 S.W. 798, 801 (1894); *National Farmers Organization v. Smith*, 526 S.W.2d 759, 765 (Tex. Civ.App.—Corpus Christi 1975, no writ); *Rosse v. Northern Pump Company*, 353 S.W.2d 287, 292 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.); *McCormick & Ray, supra at § 1144*, and authorities therein cited.

■ Respondent's allegation that both children "were born to or adopted by the parties to the marriage" was a judicial admission that he was the father of Bobby Savoy. He is bound by this admission. The trial court erred in failing to hold, as a matter of law, that respondent was the

father of Bobby Savoy. Point two is sustained.

Consequently, we now render the judgment that should have been rendered by the trial court: The final decree is reformed and now it is declared that Bobby Savoy is the son of the parties to this appeal. We remand the cause to the trial court for the entry of an appropriate order requiring respondent to provide for the support of Bobby Savoy and for the entry of such other orders as may be requisite and proper to afford the petitioner and Bobby Savoy full and complete relief.

REFORMED and REMANDED with instructions.