Jimmy Harold GRIMES, Appellant,

v.

JALCO, INC., Appellee.

No. 18041.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 19, 1981.

Rehearing Denied Dec. 23, 1981.

Michael Y. Saunders, Helm, Pletcher & Hogan, Houston, for appellant.

Lorance & Thompson, Tom Lorance, Houston, for appellee.

Before SMITH, BASS and DUGGAN, JJ.

SMITH, Justice.

This is a suit involving injuries sustained by appellant Jimmy Harold Grimes on or about November 2, 1978, which appellant received while doing work for appellee, Jalco, Inc. The appellant filed his claim with the Industrial Accident Board (IAB), and received and accepted at least twenty-eight weeks of compensation benefits from Jalco's workers compensation carrier. At the IAB hearing, appellant claimed to be an employee of Jalco, while the compensation carrier for appellee took the position that appellant was not an employee but was an independent contractor. The appellant appealed the Board award to the District Court, and alleged in his petition that he was either an independent contractor or an employee working for appellee, and joined the appellee along with the compensation carrier as defendants. The appellee and compensation carrier filed answers in which they alleged that the appellant was an employee at the time of the accident.

Appellee was granted a summary judgment on or about January 12, 1981, and such judgment was severed from the main action on February 18, 1981.

Appellant complains of the granting of the summary judgment, stating, as point one, that an issue of fact existed as to whether appellant was an independent contractor or was an employee, and, as point two, that by filing his claim with the IAB an election of remedies was not made precluding his right to a common law negligence cause of action against appellee.

In reviewing summary judgment proceedings, an appellate court must follow the rules as set out in *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592 (Tex.1975):

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. (citations omitted)

As summary judgment evidence is based not on pleadings but on admissions, affidavits, and depositions, as held in *Hidalgo v. Surety Savings and Loan Assoc.*, 462 S.W.2d 540 (Tex.1971), the evidence before the trial court must be reviewed.

The appellant's affidavit attached to his answer to the appellee's motion for summary judgment states in pertinent part as follows:

On November 2, 1978, I was injured on a job site where Jalco, Inc., was working. I had been self-employed doing rig welding work and was asked by "Stoney" at Stoney's Welding Service if I wanted to do some rig welding work on a Jalco job. I took my own equipment and went out to the job and took orders from the superintendent of Jalco. I was paid by Stoney out of the check he received from Jalco. I received $18.00 out of the $20.00 per hour they sent Stoney. Nothing was held

out of the check for social security, insurance or anything else.

At the Industrial Accident Board hearing, the Twin City Fire Insurance Company representative stated that they were not responsible and had not been paying bills or workers compensation disability benefits because I was not an employee of Jalco, Inc., but was an independent contractor.

The appellee attached to its motion for summary judgment an affidavit of a senior claim supervisor for Twin City Fire Insurance Company, which affidavit in pertinent part states as follows:

I have personal knowledge that on November 2, 1978, Jalco, Inc., was covered by a policy of worker's compensation insurance issued by the Twin City Fire Insurance Company. The worker's compensation policy issued Jalco, Inc., was in full force and effect on November 2, 1978. I have further personal knowledge that subsequent to November 2, 1978, Jimmy Harold Grimes applied for workers compensation benefits from Twin City Fire Insurance Company for injuries he allegedly received in the course and scope of his employment with Jalco, Inc., on November 2, 1978. A total of twenty-eight weeks of worker's compensation benefits were paid by Twin City Fire Insurance Company to Jimmy Harold Grimes as a result of his alleged accident...

A pre-hearing conference before the Industrial Accident Board of the State of Texas was held in September of 1979, concerning the injuries allegedly received by Jimmy Harold Grimes on the premises of Jalco, Inc., on or about November 2, 1978. I was present at that conference. I represented the interest of the Twin City Fire Insurance Company. At the Industrial Accident Board conference, Jimmy Harold Grimes and his attorney took the position that the said Grimes was an employee of Jalco, Inc., at the time he was injured on the premises of Jalco, Inc. ...

Appellant contends in his first point of error that his status as "employee" has not been determined by a jury, and that he has the right to have such determination made by a jury as it is a fact issue. The appellee responds that appellant was an employee of Jalco, as a matter of law, because appellant took the position at the IAB hearing that he was an employee working for appellee. Appellee also contends that appellant is an employee as a matter of law for the reason that appellee and the compensation carrier have judicially admitted that appellant was an employee, citing as authority *Johnson v. Johnson*, 579 S.W.2d 30 (Tex.Civ.App.—Beaumont 1979, no writ).

■ We do not agree with the appellee's position that appellant was an employee as a matter of law because appellant took such position at the IAB hearing. The IAB testimony has not been included in the record before this court; therefore, we cannot consider matters not properly before us. Of more importance, however, is that statements made to the IAB at a board hearing have been held to be admissions against interest and are admissible as evidence in the trial de novo. *Guzman v. Aetna Casualty & Surety Company*, 564 S.W.2d 116 (Tex. Civ.App.—Beaumont 1978, no writ). We conclude that such statements are not judicial admissions but may be used for impeachment purposes as an admission against interest and as such go to the weight of the evidence.

■ The appellee contends that the appellant is an employee as a matter of law, for the reason that both appellee and compensation carrier have judicially admitted that appellant was an employee. We believe that appellee has misconstrued the authority it has quoted, *Johnson v. Johnson, supra*. *Johnson* holds that a party is bound by its own pleadings. Therefore, in the present case, the fact that appellee pled that appellant is an employee is binding on the appellee, not the appellant.

Since there was no written contract of employment in this case, the appellant's employment status is dependent on the employer's right to control the details of the

appellant's work. To determine the status of an independent contractor, the criteria in *Texas Employers Association v. Bewley*, 560 S.W.2d 147, 149 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ), should be applied: (1) The independent nature of his business; (2) his obligation to furnish tools, supplies and materials to perform the job; (3) his right to control the progress of the work, except as to final results; (4) the time for which he is employed; and (5) the method of payment, whether by time or by job.

 Where there is no dispute about the controlling facts, and there is only one reasonable conclusion determining whether the worker is an employee or an independent contractor, then the question of the worker's status is one of law; however, if contradictory reasonable conclusions can be reached from the facts established by testimony then such question of status is one for the jury. Applying the facts of this case to the tests set forth in *Texas Employers Insurance Association v. Bewley*, supra, we hold that a fact issue exists as to the status of the appellant while working on the appellee's premises. We sustain the appellant's first point of error.

Appellant's second point of error states that appellant is not barred by an election of remedies from seeking a common law remedy for the disability period. Appellee relies on three main cases for its contention that appellant is barred by an election of remedies. *Hedgeman v. Berwind Railway Service Company*, 512 S.W.2d 827 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n. r. e.), *LeJeune v. Gulf States Utilities Company*, 410 S.W.2d 44 (Tex.Civ.App.— Beaumont 1969, writ ref'd n. r. e.), *Moore v. Means*, 549 S.W.2d 417 (Tex.Civ.App.— Beaumont 1977, writ ref'd n. r. e.).

These three cases are distinguishable from our case in that in each instance a final board award had been accepted by the claimant or a final judgment had been entered in the compensation claim. In this case the award by the IAB has been appealed and no final judgment has been entered. Under these circumstances we hold that an election of remedies has not been made by the appellant.

Rule 47 and Rule 48 Tex.R.C.P. provide for alternative claims for relief. The appellant in this severed case is seeking a common law remedy for injuries sustained against a third party, and we can perceive no reason, at this time, why Rule 47 and Rule 48 should not apply to his claim. The appellant's second point of error is sustained and this cause of action is reversed and remanded to the trial court.

BASS, Justice, dissenting.

I respectfully dissent. The appellant filed a claim with the Industrial Accident Board in which he stated he was an employee. He received and accepted twenty-eight weeks compensation benefits. I am of the opinion that the appellant has made an election of remedies. I would affirm the trial court's judgment.