**Jerry Lee BRINKLEY, Sr., Appellant,**

v.

**John ALMOND, Individually, and d/b/a
John Almond Ranch, Appellee.**

No. 04–83–00262–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 31, 1985.

Thomas S. Turner, III, Alice, for appellant.

Parker Ellzey, Alice, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a summary judgment rendered in a law suit involving appellant's claim for damages resulting from personal injuries allegedly sustained while doing work for appellee. Appellee filed a motion for summary judgment asserting that appellant was an independent contractor and that under the pleadings, depositions, answers to interrogatories, admissions and affidavits of record, they were entitled to judgment as a matter of law.

The summary judgment evidence establishes that appellant, prior to the occurrence in question, did electrical work for appellee on the same job location. He used a ladder to get to the top of the pole. After the repairs were completed he advised appellee that the wiring needed to be replaced and appellee authorized appellant to do the necessary electrical work when he had time. At a later date appellant and two employees arrived at the job site to replace the wiring. Appellant decided to climb the pole saying he had experience in pole climbing and that he could tell whether a pole was hollow or solid by hitting it with a hammer. Appellant did test the pole by hitting it with the hammer and then he and his co-workers shook the pole hard. Appellant, believing it was solid, climbed the pole. He cut some of the wires whereupon the pole fell and as a result he sustained several injuries.

Appellant in his sole point of error contends that the trial court committed reversible error in granting the motion for summary judgment. He argues that: (1) appellant was an invitee and that as such, appel-lee owed a duty to exercise reasonable care in providing for appellant's safety; (2) appellee's failure to inspect the condition of the pole or to advise appellant that he did not know the condition of the pole was a breach of duty owed appellant; and (3) this constituted negligence and was the proximate cause of the injuries and damages sustained by appellant.

An appellate court, in reviewing a summary judgment record, is bound by the rules prescribed by the supreme court in *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592–93 (Tex. 1975) which provides:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. (Citation omitted.)

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant ... will be taken as true. (Citations omitted.)

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in their favor. (Citations omitted.)

*See also City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979) and TEX.R.CIV.P. 166–A (Vernon Supp.1982–83). In summary judgment proceedings the trial is conducted on independently produced proofs, such as admissions, affidavits and depositions. *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540, 545 (Tex.1971). The pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority, supra* at 678. *Also see* Hittner, *Summary Judgment in Texas,* 43 TEX.B.J. 11 (January 1980).

The status of an independent contractor is determined by the following, viz: (1) the independent nature of his business; (2) his obligation to furnish tools, supplies and materials to perform the job; (3) his right to control the progress of the work, except as to the final results; (4) the time

for which he is employed; and (5) the method of payment, whether by time or by job. *See Texas Employers Association v. Bewley,* 560 S.W.2d 147, 149 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). But, where there is no dispute about the controlling facts and there is only one reasonable conclusion determining whether the worker is an employee or an independent contractor, then the question of the worker's status is one of law. *Grimes v. Jalco, Inc.,* 630 S.W.2d 282, 285 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). In the instant case there is no dispute that appellant was, on the occasion in question, an independent contractor.

■■■ The fact remains that appellant was an invitee and thus, we consider the duty which a possessor of land owes to invitees as summarized in Restatement (Second) of Torts § 353 (1965):

§ 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

The occupier is under the further duty to exercise reasonable care in inspecting the premises to discover any latent defects and to make safe any defects or to give an adequate warning. Restatement (Second) of Torts § 343, Comment b (1965). *Also see Guidry v. Neches Butane Products Co.,* 476 S.W.2d 666, 669 (Tex.1972). The landowner owes a duty to exercise ordinary care to warn the invitee of any dangerous conditions which the occupier knows or should know about and which are not reasonably apparent to the invitee. *Sun Oil Co. v. Massey,* 594 S.W.2d 125, 129

(Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Justice Pope addressed this question in *Camp v. J.H. Kirkpatrick Co.,* 250 S.W.2d 413, 416 (Tex.Civ.App.—San Antonio 1952, writ ref'd n.r.e.), stating:

A more correct statement of an owner's duty would be that he is under a duty to use reasonable care to make and keep the premises free from danger to invitees when the danger is known or should be known by the proprietor.

Appellee cites *Kansas City Southern Railroad Co. v. Guillory,* 376 S.W.2d 72, 76 (Tex.Civ.App.—Beaumont 1964, writ ref'd n.r.e.) in support of his contention that a landowner is not liable for defects that could not have been discovered by inspection. The court stated:

The inviter has a duty to exercise reasonable care to discover defects or dangerous conditions on the premises; he will be charged with knowledge of, and he will be held liable for injuries resulting from, any dangerous condition which he could have discovered in the exercise of ordinary care, *but he will not be held liable for defects which would not have been disclosed by a reasonably careful inspection, even though no such inspection has been made.* [Emphasis added.]

■■ In the case at bar, appellant had superior knowledge of the job-site and the pole in question. On his first repair job at the ranch he used a ladder to climb the pole. On the date of the accident, he struck the pole with a hammer, and thereafter, he and his two workers shook the pole in order to determine if the pole was solid. He then climbed the pole and after cutting some wires, the pole fell causing the injuries sustained. Appellant argues that the pole fell because it was rotten just below the surface of the ground.

While it is apparent that appellee made no inspection of the pole, the record reflects that a reasonable inspection would not have disclosed the latent defect. Appellant testified that the only way to determine whether the pole was rotten would be to dig a three to five foot hole; he admitted

that he himself did not dig a hole. Therefore, there is no general issue of material fact; appellant's sole ground of error is overruled.

The judgment is affirmed.