# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00436-CV

**Rosalinda Blessing, Appellant**

**v.**

**Joe Salvador Cardenas, Jr., Appellee**

## FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY, NO. 04-1444-FC3 HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Rosalinda Blessing appeals from a trial court order in a suit affecting the parent-child relationship. The order appointed Blessing and Joe Salvador Cardenas, Jr., as joint managing conservators of a child, N.R.C., and gave Cardenas the right to establish N.R.C.'s primary residence. Blessing brings two issues. In her first issue, Blessing contends that the district court abused its discretion in appointing Cardenas as joint managing conservator, with the right to establish N.R.C.'s primary residence, because there was no evidence that Cardenas was a parent of N.R.C. In her second issue, Blessing complains that the trial court incorporated the standard possession order applicable to parents living more than one hundred miles apart despite conclusive evidence that she and Cardenas lived within one hundred miles of each other. *See* Tex. Fam. Code Ann. §§ 153.312 (standard possession order for parents living within one hundred miles of each other),

.313 (standard possession order for parents living more than one hundred miles apart) (West Supp. 2007). We will overrule these issues and affirm the trial court's order.

Blessing did not dispute Cardenas's paternity until she (with new counsel) filed a motion for new trial. Blessing had previously acknowledged in her pleadings that Cardenas "is the father of the subject child" and also signed a mediated settlement agreement regarding temporary orders that acknowledged this fact. These statements amount to judicial admissions that Cardenas is the father of N.R.C., and she is thus barred from disputing this fact. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) ("'Assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions.' A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact.") (quoting *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983)); *see also Miller v. Gann*, 842 S.W.2d 641 (Tex. 1992) (party's statement claiming individual ownership of land in a property settlement agreement within his divorce decree was a judicial admission, thus party was judicially estopped from claiming that the land was owned by partnership); *Johnson v. Johnson*, 579 S.W.2d 30, 31 (Tex. Civ. App.—Beaumont 1979, no writ) ("Respondent's allegation that both children 'were born to or adopted by the parties to the marriage' was a judicial admission that he was the father of [the child]. He is bound by this admission.").

Furthermore, the trial court heard evidence that Cardenas was N.R.C.'s father, adjudicated in its order that Blessing and Cardenas were the child's parents, and additionally entered findings of fact and conclusions of law to the same effect. *See* Tex. Fam. Code Ann. § 160.201(b)(3) (West 2002). We overrule Blessing's first issue.

2

As for Blessing's complaint about the possession order, the trial court, having heard the evidence regarding both parents' circumstances and capacity to care for N.R.C., found that it was in N.R.C.'s best interests for Blessing to have a possession order consistent with the standard possession order for parents who live more than one hundred miles apart rather than for those living within one hundred miles. *See Id*. §§ 153.312-.313. It is undisputed that both Blessing and Cardenas lived in Williamson County and within one hundred miles of each other. The legislature has created a rebuttable presumption that the applicable standard possession order provides reasonable minimum possession of a child for a parent named as a joint managing conservator and is in the best interests of the child. *Id.* § 153.252 (West 2002). Consequently, the standard possession order applicable to parents living within one hundred miles of each other presumptively applied here. However, the legislature also contemplated that "the work schedule or other special circumstances of the managing conservator . . . or the child . . . [may] make the standard order unworkable or inappropriate," in which case the trial court "shall render an order that grants periods of possession of the child as similar as possible to those provided by the standard possession order." *Id.* § 153.253 (West 2002). The primary effect of the trial court's use of the standard possession order for parents living beyond one hundred miles of each other, instead of the one that presumptively applied, was to increase Blessing's summertime possession while decreasing her visitation during the work week. The trial court found this arrangement was in N.R.C.'s best interests after hearing evidence of Cardenas's work schedule, the parents' ability to get along, and other factors bearing upon the workability of the standard order. We conclude that the trial court did not abuse its discretion in regard to the possession order, and overrule Blessing's second issue.

3

Having overruled Blessing's issues, we affirm the trial court's order.


_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   August 15, 2008