TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00436-CV






Rosalinda Blessing, Appellant


v.


Joe Salvador Cardenas, Jr., Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY,

NO. 04-1444-FC3

HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Rosalinda Blessing appeals from a trial court order in a suit affecting the parent-child
relationship. The order appointed Blessing and Joe Salvador Cardenas, Jr., as joint managing
conservators of a child, N.R.C., and gave Cardenas the right to establish N.R.C.'s primary residence. 
Blessing brings two issues. In her first issue, Blessing contends that the district court abused its
discretion in appointing Cardenas as joint managing conservator, with the right to establish N.R.C.'s
primary residence, because there was no evidence that Cardenas was a parent of N.R.C. In her
second issue, Blessing complains that the trial court incorporated the standard possession order
applicable to parents living more than one hundred miles apart despite conclusive evidence that she
and Cardenas lived within one hundred miles of each other. See Tex. Fam. Code Ann. §§ 153.312
(standard possession order for parents living within one hundred miles of each other),
.313 (standard possession order for parents living more than one hundred miles apart)
(West Supp. 2007). We will overrule these issues and affirm the trial court's order.

 Blessing did not dispute Cardenas's paternity until she (with new counsel) filed
a motion for new trial. Blessing had previously acknowledged in her pleadings that Cardenas
"is the father of the subject child" and also signed a mediated settlement agreement regarding
temporary orders that acknowledged this fact. These statements amount to judicial admissions that
Cardenas is the father of N.R.C., and she is thus barred from disputing this fact. See Holy Cross
Church of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001) ("'Assertions of fact, not plead
in the alternative, in the live pleadings of a party are regarded as formal judicial admissions.' A
judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party
from later disputing the admitted fact.") (quoting Houston First Am. Sav. v. Musick, 650 S.W.2d 764,
767 (Tex. 1983)); see also Miller v. Gann, 842 S.W.2d 641 (Tex. 1992) (party's statement claiming
individual ownership of land in a property settlement agreement within his divorce decree was a
judicial admission, thus party was judicially estopped from claiming that the land was owned by
partnership); Johnson v. Johnson, 579 S.W.2d 30, 31 (Tex. Civ. App.--Beaumont 1979, no writ)
("Respondent's allegation that both children 'were born to or adopted by the parties to the marriage'
was a judicial admission that he was the father of [the child]. He is bound by this admission.").

 Furthermore, the trial court heard evidence that Cardenas was N.R.C.'s father,
adjudicated in its order that Blessing and Cardenas were the child's parents, and additionally entered
findings of fact and conclusions of law to the same effect. See Tex. Fam. Code Ann. § 160.201(b)(3)
(West 2002). We overrule Blessing's first issue.

 As for Blessing's complaint about the possession order, the trial court, having heard
the evidence regarding both parents' circumstances and capacity to care for N.R.C., found that it was
in N.R.C.'s best interests for Blessing to have a possession order consistent with the standard
possession order for parents who live more than one hundred miles apart rather than for those living
within one hundred miles. See Id. §§ 153.312-.313. It is undisputed that both Blessing and Cardenas
lived in Williamson County and within one hundred miles of each other. The legislature has created
a rebuttable presumption that the applicable standard possession order provides reasonable minimum
possession of a child for a parent named as a joint managing conservator and is in the best interests
of the child. Id. § 153.252 (West 2002). Consequently, the standard possession order applicable to
parents living within one hundred miles of each other presumptively applied here. However, the
legislature also contemplated that "the work schedule or other special circumstances of the managing
conservator . . . or the child . . . [may] make the standard order unworkable or inappropriate," in
which case the trial court "shall render an order that grants periods of possession of the child as
similar as possible to those provided by the standard possession order." Id. § 153.253 (West 2002). 
The primary effect of the trial court's use of the standard possession order for parents living beyond
one hundred miles of each other, instead of the one that presumptively applied, was to increase
Blessing's summertime possession while decreasing her visitation during the work week. The trial
court found this arrangement was in N.R.C.'s best interests after hearing evidence of Cardenas's
work schedule, the parents' ability to get along, and other factors bearing upon the workability of
the standard order. We conclude that the trial court did not abuse its discretion in regard to the
possession order, and overrule Blessing's second issue.

 Having overruled Blessing's issues, we affirm the trial court's order.



 ____________________________________________

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 15, 2008