## LIBERTY UNIVERSAL INSURANCE COMPANY, Appellant,

v.

### Roosevelt BURRELL, Appellee.

#### No. 16591.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 8, 1965.

Rehearing Denied Feb. 5, 1965.

Brown, Day & Crowley, and M. Hendricks Brown, Fort Worth, for appellant.

Hill, Paddock & Street, and John G. Street, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

Judgment appealed from was for weekly benefits provided under the Workmen's Compensation Act for total permanent disability. While the case was pending on appeal the claimant, Roosevelt Burrell, died from causes which may or may not have had relation to the injuries and resultant disability because of which the jury returned a verdict in his behalf.

Liberty Universal Insurance Company, appellant, will hereinafter be referred to as the Company, or Insurance Company. Roosevelt Burrell, now deceased, will be referred to as claimant, although in respect to the final point of error discussed the term will include his estate or those to whom his rights under the judgment survived.

We affirm the judgment of the trial court.

By its first point of error the Company complains because the trial court permitted claimant to introduce in evidence a portion of a letter it had written to the claimant and to the Industrial Accident Board while claimant's case was pending before that quasi-judicial body. Such portion read: "First of all, we would like to make an unequivocal admission of liability in this case."

Under the Act, Vernon's Ann.Tex.St. Art. 8306, "Damages and compensation for personal injuries", § 12e, "Surgical operation", makes provision that in cases where liability for compensation exists and it is believed that a surgical operation for such injury will effect a cure of the employee or will materially and beneficially improve his condition, the insuring company may demand that such an operation be had. Under what is known as the "Seelbach case", Truck Insurance Exchange v. Seelbach, 161 Tex. 250, 339 S.W.2d 521 (1960), it has been held that if an insurance company desires to introduce evidence to show that one who claims compensation of it would have been benefitted by a surgical operation it must have theretofore laid a predicate for such evidence by making an unqualified confession of liability for the payment of such compensation as might be or become due (because of disability sustained by the claimant as the result of the injury sustained) and tender such operation while the case is before the Industrial Accident Board.

It was to comply with such requisite of law that the Company wrote the letter containing the "admission of liability" above quoted. The Company desired to introduce evidence in the course of any trial in the forum to which an appeal might be taken from an award by the Board demonstrating that the claimant, had he submitted to surgery, would have been cured or his condition materially and beneficially improved.

It is the contention of the Insurance Company that its admission of legal liability "before the Board" afforded it in the trial court the opportunity to introduce evidence of the curative effects of surgery, if such had been had, as applied to the disability of which complaint was made against it, but—in view of the fact that the proceedings constituted a *de novo trial*—that admission of liability on its part could not be shown by the claimant.

■ We reject the contention and overrule the point. Regarding statements and conduct of an adversary which one desires to show upon trial as an admission beneficial to him who tenders proof thereof, it is stated in McCormick and Ray, Texas Law of Evidence, 2nd Ed., Vol. 2, p. 29, "Admissions of a Party", § 1141, "Form of Statement" (1st Ed., p. 636, § 497), as follows: "In general it may be said that any statement made by a party or on his behalf which is inconsistent with his present position is receivable as an admission. The precise form of the statement is immaterial." Exceptions to such general rule are subsequently mentioned. None of them fit the circumstances of the case before us. We believe it to be governed by the general rule. The Insurance Company's pleadings, as well as actions in conduct of the trial, presented its position as one whereby it denied liability for the claimant's condition or for payment of compensation for any incapacity resulting therefrom. The statement in question was therefore properly admitted into evidence against it.

By a point of error the Company complains because of the wording of Special Issue No. 2, submitted to the jury and found against it, reading as follows: "Do you find from a preponderance of the evidence that the plaintiff, Rooseve.t Burrell, sustained total incapacity for any length of time as a natural result of the accidental personal injuries, if any you have heretofore found he sustained, on or about July 5th, 1962?"

This court has recently written upon a point of error presented in complaint of a special issue which may properly be considered identical in all material particulars to that above quoted. The case was Texas General Indemnity Company v. Deaton, 380 S.W.2d 719 (Fort Worth Civ.App., 1964, writ ref. n. r. e.). In the Deaton case the objection to the issue was that it was duplicitous in that it submitted in a single issue two controlling questions, towit: whether the claimant sustained any incapacity as a natural result of injuries sustained,—and

also whether such capacity was total. Our holding was that in view of the nature of the objection made, considered with the admissions on file and the other issues submitted, reversible error was not present as the result of the form of the issue.

■ In this case the objection was that the issue amounted to a comment on the weight of the evidence with reference to the claimant having sustained incapacity. We hold that the issue is not subject to such objection. Point of error is overruled.

■ By another point of error the Company contends that there was no evidence to support the jury finding that the claimant's total incapacity was permanent, with an alternative contention that such finding was against the great weight and preponderance of the whole of the evidence in the case. We overrule. Though it be conceded that the claimant had a complicating preexisting condition which might be termed a chronic defect, because of which he was in all likelihood more susceptible to the injury he claimed, yet we deem the evidence concerning the total disability, of which the accidental injury sustained was found to have been a producing cause, to have amounted to sufficient evidence of probative force and effect to support the jury's finding. Furthermore, we hold that the jury's answer was not against the great weight and preponderance of the evidence.

Special Issue No. 13 was submitted to the jury, with burden thereon placed upon the claimant. It read: "Do you find from a preponderance of the evidence that the disability, if any, of the plaintiff, Roosevelt Burrell, was not caused solely by disease, impaired physical condition, injuries, or a combination of such, which had no connection with the injury alleged to have been sustained by him on or about July 5, 1962?" The jury's answer found that such disability was not caused solely by disease, impaired physical condition, etc.

The Company objected to the issue. Essentially, the position the Company took

was that it was entitled to have the jury consider severally the matters that would support its defense, and that the jury should consider specifically the aneurysm, the back injury of 1953, the abdominal sprain of 1963, or a combination thereof, in an issue or issues submitting the inquiry. The Company filed a specially requested issue which posed the inquiry according to its theory of proper submission. Such was refused, and, because of such refusal, the Company has presented a point of error companion to that just stated.

■ It may be that the requested issue failed to meet the test that it be a substantially correct issue. Be that as it may, we have no doubt of the propriety of its refusal. The issue which was submitted fairly presented the ultimate question involved, and its consideration and answer by the jury afforded the Company those rights to which it was entitled. The issue covered any and all diseases, impaired physical condition, injuries, or any combination thereof, which were in the case and proper to be considered by the jury in answering the question posed. The points of error are overruled.

We have heretofore mentioned that the claimant died while the case was on appeal. By its final point of error the Company contends that judgment should be reformed so as to limit recovery of the compensation, prescribed as payable from week to week under the judgment rendered by the trial court, and allow compensation payments only until the date of claimant's death.

A somewhat similar question was under consideration by the Supreme Court in Bailey v. Travelers Insurance Co., 383 S.W. 2d 562 (Tex.1964). Actually, we have in the instant case a phase of the question not heretofore decided, but which we believe may be determined under the reasoning of prior cases discussed in the cited opinion.

■ The "key" to such determination seems afforded when it is kept in mind that there is a trial of issues made between the parties before the Industrial Accident Board, and, on any appeal therefrom, by the District or County Courts. Contrarily, there is no trial by the Courts of Civil Appeals or the Supreme Court where the scope of authority over the case is confined to that of review of *final judgments* rendered elsewhere.

■ Where a judgment of the trial court fixes the amount of compensation to be paid and prescribes the time at which it is to be paid, whether in a "lump sum" or at stated times after the date of the judgment, as in a judgment for compensation payable weekly in installments upon the amount decreed, —the obligation of the Insurance Company is fixed thereby if and in the event the judgment shall become final, whether by way of failure to perfect an appeal therefrom, or, if an appeal be taken, the appellate court fails to find reversible error in the trial proceedings. If reversible error is not found by the appellate court it is, of course, the duty of such court to affirm the judgment of the trial court. In such an instance it is a *judgment* for compensation payments as distinguishable from a *claim* for compensation comprising the substance with which the appellate court must work. It might be said that it is a hardened statue rather than malleable clay (which might still be molded and altered to suit the idea of propriety as to finished form) which it receives.

■ Having perceived no reversible error warranting and justifying any reversal of the judgment, we consider ourselves without authority to alter the number of weeks therein prescribed for the payment of compensation, and likewise without authority to reduce the total amount of compensation prescribed as payable.

Judgment is affirmed.