**TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,**

v.

Herman BEARD, Sr., Appellee.

No. 16618.

Court of Civil Appeals of Texas.

Fort Worth.

April 16, 1965.

Rehearing Denied May 14, 1965.

Nelson & Sherrod and Stan Carter, Wichita Falls, for appellant.

Peery, Wilson & Jameson and Don B. Morgan, Wichita Falls, for appellee.

LANGDON, Justice.

This is a Workmen's Compensation case for general disability. The jury found total temporary disability of seven weeks, followed by permanent partial disability.

The appellant, by its first three points, contends the court erred in submitting special issue No. 17 inquiring as to whether " * * * Plaintiff's incapacity to labor, if any, is not caused solely by a pre-existing sacrolized vertebra, and arthritic condition, a calcified artery or a combination thereof independent of and wholly disassociated from the injury of August 7, 1963", because it made no distinction as to whether the incapacity inquired about related to the past or to the future, and in refusing its two requested issues which did make such distinction.

" * * * it is the settled law of this state that liability for damages for personal injury cannot be avoided by merely showing that the person injured was not a well person at the time of injury. * * * where injury is sustained by an employee in the course of his employment which results in his disability within the meaning of our Compensation Law, compensation therefor will not be denied, notwithstanding said injury is aggravated or enhanced by the effect of diseases existing at the time, or afterwards occurring." Commercial Standard Ins. Co. v. Noack, 62 S.W.2d 72 (Tex.Com. App., 1933, approved by Sup.Ct.); Armour & Co. v. Tomlin, 60 S.W.2d 204 (Tex.Com. App., 1933).

In order for a prior or existing disease, impairment or condition to constitute a defense to a claim for compensation it must be established that such prior or existing disease, impairment or condition or some combination thereof standing alone is the sole cause of the incapacity. Otherwise stated, it must be shown that such prior or existing disease, impairment or condition or combination thereof is disassociated or disconnected with and not aggravated by the injury or incapacity upon which the claim for compensation is based.

The appellant Insurance Company must plead such matter as a sole cause defense and secure favorable findings thereon. The burden of proving the negative of the sole cause issue is upon the claimant.

The issue in question was couched in language which properly placed the burden upon the claimant. In considering the issue and its answer thereto the jury was confronted with every specific infirmity, disease, impaired physical condition or any combination thereof which were supported by the record.

■ The issue submitted by the court fairly presented the ultimate question and accorded to the appellant the rights to which it was entitled. Liberty Universal Insurance Company v. Burrell, 386 S.W.2d 323 (Fort Worth Tex.Civ.App., 1965, application for writ pending); Texas Employers' Insurance Association v. Ham, 333 S.W.2d 438 (Fort Worth Tex.Civ.App., 1960, ref., n. r. e.), and cases cited therein; Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356, 357.

■ We find no impropriety in the court's refusal of the two issues requested by appellant.

The appellant's points four through eight are directed at specific portions of jury argument permitted over objection, and point nine asserts that the argument as a whole was so prejudicial that it was error for the court to refuse to grant a new trial because thereof.

The specific complaints were directed against comments that (1) an adjuster who was in the courtroom during the trial failed to take the stand and testify, (2) plaintiff on leaving a job had always obtained a better paying job, (3) in reading an answer to request for admission No. 21 which had not been introduced in evidence, and (4) advising the jury that if they believed that plaintiff had any injury at all they must find his disability was not caused solely by preexisting conditions.

■ When the record reflects that a potential witness is under the control of and available to the opposite party it is proper to direct the jury's attention to the fact that the witness did not testify. 56 Tex. Jur.2d 601, § 263. See also § 261, p. 599, of the same text and authorities cited. Whitener v. Traders and General Ins. Co., 155 Tex. 461, 289 S.W.2d 233 (1956), (2).

■ The reference to better paying jobs was a reasonable, fair and legitimate inference from the facts in evidence. "Counsel may express his own conclusions from the evidence though they appear to be illogical or improbable." 56 Tex.Jur.2d 590–595, § 257.

■ No objection was made to the reading of the answer to plaintiff's request for admission No. 21 on the ground that it had not been introduced in evidence. Thus the court's attention was not directed to this fact.

The objection was, " * * * we object to him arguing from the answers to the Request for Admissions". The record reflects that requests for admissions Nos. 18 and 19 and the answers were in evidence and that the appellant made the same answer to request No. 21 as was made to requests Nos. 18 and 19 with some additional comment which is not pertinent to the appeal.

■ In considering the record as a whole we are of the opinion that the errors, if any, complained of in connection with the jury argument considered singly or collectively did not amount to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

■ By its points ten through thirteen the appellant contends the evidence is insufficient to support the jury's findings that (1) the plaintiff sustained permanent disability and (2) that the incapacity was not caused solely by preexisting diseases and conditions and that such findings are contrary to the overwhelming weight of the evidence.

In reviewing the record in this case we have concluded that there is ample evidence to support the submission of the issues in question and the jury's answers thereto.

All points of error are overruled and the judgment affirmed.