**WESTERN CASUALTY AND SURETY CO., Appellant,**

**v.**

**Jesse E. WEBB, Appellee.**

**No. 8425.**

Court of Civil Appeals of Texas, Amarillo.

June 28, 1974.

Rehearing Denied July 29, 1974.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for appellant.

Huff & Bowers, Mike Millsap, Lubbock, for appellee.

ROBINSON, Justice.

The insurance carrier appeals from a judgment on the verdict for appellee, Jesse E. Webb, on a workmen's compensation claim for disability caused by a heart attack. Reversed and remanded.

By its first point of error, appellant complains of the refusal of the trial court to submit its requested special issues inquiring whether appellee had a pre-existing diseased condition of his heart and whether appellee's heart attack was not caused solely by such pre-existing disease of his heart.

The issue as to whether or not a heart attack was caused solely by a pre-existing heart condition or disease is a controlling issue. Texas Employers' Insurance Association v. Beard, 390 S.W.2d 59 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.); Hartford Accident & Indemnity Company v. Gant, 346 S.W.2d 359 (Tex.Civ.App.—Dallas 1961, no writ). The failure to submit such ultimate defensive issues when raised by the pleadings and the evidence is reversible error. Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625 (1941). The defendant must plead such matter as a sole cause defense. The burden of proving the negative of the sole cause issue is upon the claimant. Texas Employers' Insurance Association v. Beard, supra; Texas Fire & Casualty Underwriters v. Blair, 130 S.W. 2d 409, 412 (Tex.Civ.App.—Austin 1939, writ dism'd jdgm. cor.).

Appellant's pleading with regard to sole cause follows:

"(I)f cross plaintiff has disability, such disability is caused solely by conditions existing in cross plaintiff's body prior to September 15, 1972, to-wit: hypertension, arthritis, peripheral nerve damage, emphysema, chronic bronchitis, the residuals of beriberi, osteoarthritis and atherosclerotic heart disease."

The pleading is sufficient to raise the issue that a pre-existing heart disease caused the heart attack which is alleged to have disabled appellee. The question before us is whether there is any evidence of probative weight requiring submission of the requested issue. The trial court may not refuse

to submit a special issue where there is any evidence to raise such issue even though the evidence to the contrary is overwhelming. Mayflower Investment Company v. Stephens, 345 S.W.2d 786 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.).

■ According to appellee's own medical witnesses, at the time of the occurrence in question, he suffered from a pre-existing arteriosclerotic coronary disease which was the primary cause of his heart attack. Dr. McBride testified that appellee's heart attack was almost certainly due to arteriosclerotic coronary artery disease, that without the arteriosclerotic coronary disease there would have been no heart attack, that persons of plaintiff's age have heart attacks when there is no evidence of any exertion at all and that heart attacks sometimes occur during sleep. Dr. Green testified that it is possible for a piece of plaque to break off at any time and block the flow of blood where the walls are constricted. This could happen whether the person was doing something or lying down. This evidence that appellee suffered from a pre-existing disease which was competent to produce appellee's heart attack without any exertion whatsoever was some evidence to raise the issue requested. The burden was then on appellee to prove that the pre-existing disease was not the sole cause of plaintiff's heart attack.

Appellee cites Yarborough v. Berner, 467 S.W.2d 188 (Tex.1971) for the proposition that the Supreme Court had by implication, in that case, abolished the practice of submitting inferential rebuttal issues. As appellee recognizes, *Yarborough* dealt with unavoidable accident and sudden emergency issues. This court is not authorized to extend the holding of the Supreme Court to include sole cause defenses in workmen's compensation cases.

■ Appellee also cites the amendment to Rule 277, Texas Rules of Civil Procedure, effective September 1, 1973, which provides that inferential rebuttal issues shall not be submitted. This amendment does not control the case before us which was tried in April of 1973.

By another point of error, appellant challenges the evidentiary support for the jury finding that appellee had a heart attack on September 15, 1972, which was produced or precipitated by pushing or lifting a wheelbarrow on his employer's premises.

■ Appellee offered testimony that he lifted and pushed a wheelbarrow containing 150 pounds of scrap immediately preceding the onset of the heart attack. Appellant introduced appellee's written statement to an adjuster in which he said that the wheelbarrow contained only 50 pounds of scrap. Appellee's medical experts testified, assuming the truth of appellee's testimony. Each stated that in his opinion, based on reasonable medical probability, appellee's heart attack was precipitated by the incident inquired about in the issue. We have reviewed all of the evidence, including that opposed to the verdict as well as that favorable to the verdict, and after applying the standards set forth in Baird v. Texas Employers' Insurance Association, 495 S.W.2d 207 (Tex.1973); Insurance Company of North America v. Kneten, 440 S.W.2d 52 (Tex.1969), and Parker v. Employers Mutual Liability Ins. Co. of Wis., 440 S.W.2d 43 (Tex.1969), we are of the opinion that the evidence is sufficient to support the jury finding and is not contrary to the great weight and preponderance of the evidence.

■ However, in considering whether there was error in refusing to submit appellant's sole cause issues, it is immaterial that appellee's causation issue was answered favorably to him and that the answer is supported by the evidence. The question of whether an issue must be submitted is viewed as of the time the charge was submitted to the jury. State v. Schlick, 142 Tex. 410, 179 S.W.2d 246 (1944); Burnett v. Rutledge, 284 S.W.2d 944 (Tex.Civ.App.—Amarillo 1955, writ ref'd n. r. e.).

Since our holding that the trial court erred in refusing to submit appellant's requested issues inquiring whether a pre-existing condition was the sole cause of appellee's heart attack requires that the case be reversed and remanded to the trial court, we do not discuss appellant's other points except to say that we do not find other reversible error.