**Rafael FLORES, Appellant,**

v.

**TEXAS EMPLOYERS INSURANCE AS- SOCIATION, a corporation, Appellee.**

No. 6386.

Court of Civil Appeals of Texas, El Paso.

Oct. 30, 1974.

Bruce M. Miller, El Paso, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, Malcolm Harris, El-Paso, for appellee.

---

OPINION

OSBORN, Justice.

This is a workmen's compensation case. Based upon the jury's verdict, judgment was entered awarding Appellant the sum of $776.54 for an injury to the right large toe. Appellant complains of numerous rulings of the trial Court at various stages of the trial. We have concluded that no reversible error is presented and the judgment of the trial Court is affirmed.

■■■ Appellant waived his first point of error during oral argument. By his second point of error, he complains of the trial Court's failure to grant his motion for a new trial because of the prejudicial effects of improper remarks of Appellee's counsel during voir dire examination. As shown by the bill of exception, Appellee's counsel told the jury panel that in civil cases there is no one to screen the cases that go to trial, as compared to a criminal case which must be first presented to a grand jury. Appellant contends that by this remark counsel for Appellee has suggested and implied to the jury that this case is of no value and should not be tried to a petit jury because in a criminal case it would have ended at the grand jury stage of the proceedings. While such remark concerning criminal procedures has no bearing upon the manner in which civil cases are tried, the remark did not misrepresent the procedure by which both civil and criminal cases are brought to trial. Our Courts have generally allowed counsel rather broad latitude in conducting voir dire examination. The extent of such examination is largely within the discretion of the trial Court and its ruling will be reversed only for an abuse of discretion. Fort Worth & D. C. Ry. Co. v. Kiel, 195 S.W.2d 405 (Tex.Civ.App.—Fort Worth 1946, writ ref'd n. r. e.); Robinson. v. Lovell, 238 S.W.2d 294 (Tex.Civ.App.—Galvestion 1951, writ ref'd n. r. e.). Finding no abuse of discretion upon the part of the trial Court, the second point of error is overruled.

■■ Appellant next contends that the trial Court erred in failing to give his requested instruction in connection with the definition of total incapacity. The Court instructed the jury as follows:

" 'Total incapacity' does not imply absolute inability to perform any kind of labor, but means that one is disabled from performing the usual tasks of a workman, not merely the usual tasks of any particular trade or occupation, to such an extent that he cannot get and keep employment."

**940**

The trial Court refused to give the following requested instruction:

"You are instructed that a workman's compensation claimant may be totally incapacitated even though he is regularly employed subsequent to his injury if work causes him serious discomfort or unreasonable risk."

The trial Court gave the standard definition which has been approved many times by the Courts of this State. Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000 (1944); Texas Employers' Ins. Ass'n v. Brock, 36 S.W.2d 704 (Tex.Com.App.1931); Kemper v. Police & Firemen's Ins. Ass'n, 44 S.W.2d 978 (Tex. Com.App.1932); Texas Employers' Ins. Ass'n v. Ray, 68 S.W.2d 290 (Tex.Civ.App. —Fort Worth 1933, writ ref'd); Home Insurance Company v. Smith, 482 S.W.2d 395 (Tex.Civ.App.—Waco 1972, no writ). The definition given by the trial Court is in the exact language recommended in Texas Pattern Jury Charges, Vol. 2, PJC 22.02. We conclude that there was no error in refusing Appellant's requested instruction and his third point of error is overruled.

By his fourth point of error, he asserts that the trial Court erred in refusing to grant a new trial because the jury's answer to Special Issue No. 17A, finding that the total loss of use of his right foot was caused solely by the loss of use of his right large toe, was so contrary to the great weight of the evidence as to be manifestly wrong and unjust. Dr. Palafox, the Appellant's medical witness, testified he saw the claimant on May 14, 1970, as a result of the injury received on April 23, 1970. His examination at that time revealed a fracture of the distal phalanx of the large toe on the right foot. At that time he did not find any injury to the other toes or the other parts of the foot other than the big toe. Subsequently, the claimant began to favor his big toe and walk with a limp. The doctor said later examinations revealed that he was continuing to favor his foot, and refused to move his toes even

when there was no physical reason why he could not do so. Mr. Flores complained of pain in his foot and at times there was some slight stiffness in the large toe. The doctor was of the opinion that the fact that his toe was painful was what caused him to walk with a limp. Having considered all of the evidence, including the statements of the doctor as noted above, the answer is not so contrary to the great weight of the evidence as to be manifestly wrong and unjust.

In connection with Issue 17A, it should be noted that the burden of proof was properly upon the Appellant to prove the negative of the sole cause issue. Western Casualty and Surety Co. v. Webb, 512 S.W.2d 65 (Tex.Civ.App.—Amarillo 1974); Texas Pattern Jury Charges, Vol. 2, pp. 166–167. Technically, the jury's answer is nothing more than a finding that Appellant failed to meet his burden of proof and the answer of the jury is not clearly wrong and unjust. Applying the rules set forth in 38 Texas L.Rev. 359, the fourth point of error is overruled.

By his last point of error, Appellant contends that the trial Court erred in conditionally submitting Special Issue No. 18 upon Special Issue No. 15 rather than Special Issue No. 1. The jury found in Special Issue No. 1 that the injury of April 23, 1970, extended to and affected Appellant's right foot. By their answers to Special Issues Nos. 15 through 17, the jury found that Appellant's injury to his right large toe extended to and affected his right foot and was a producing cause of temporary total loss of use of the right foot for nine weeks.

Issues 18 through 21 inquired as to partial loss of use of the right foot, its producing cause, and the duration and extent thereof. But these issues were all left unanswered because the jury was instructed to answer Special Issue No. 18 only if they found that there was no total loss of use of the right foot. Such conditional submission of the partial loss of use issues

was clearly erroneous. Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S. W.2d 314 (1939); Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991 (1942); Stone v. Texas Employers' Insurance Association, 154 Tex. 21, 273 S. W.2d 59 (1954); "A Special Issue Quandary—Submitting 'Partial Incapacity' in Workmen's Compensation," 21 Sw.L.J. 513, 519. But in this case, the Appellant requested that the trial Court conditionally submit Special Issue No. 18, based upon a negative answer to Special Issue No. 15. A party has no right to complain of error which he has invited. Leyendecker v. Harlow, 189 S.W.2d 706 (Tex.Civ.App.—Galveston 1945, writ ref'd, w. o. m.); Missouri-Kansas-Texas R. Co. of Texas v. Waddles, 203 S.W.2d 350 (Tex.Civ.App.—Amarillo 1947, no writ); Hodges, Special Issue Submission in Texas 149 (1959). The Appellant's fifth point of error is overruled.

The judgment of the trial Court is affirmed.