**IDEAL MUTUAL INSURANCE COMPANY, Appellant,**

v

**Celia SULLIVAN, Appellee.**

**No. 08-82-00352-CV.**

Court of Appeals of Texas, El Paso.

May 9, 1984.

Rehearing Denied June 13, 1984.

William C. Dudley, Charles H. Rennick, Robin Collins, Dudley, Dudley, Collins & Windle, El Paso, for appellant.

Malcolm McGregor, Harry Tom Petersen, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

Based upon jury findings of total and permanent incapacity, judgment was entered awarding Celia Sullivan maximum benefits under the Worker's Compensation Act. We affirm.

This is an unusual case in that the claimant, Mrs. Sullivan, who was present during the trial of this case, did not testify either in person or by deposition. The only witness to her fall in August, 1980, Jesus Rodriguez, testified by deposition and said: "I saw her when she fell. I don't know whether she sustained an injury." She continued to work, but three days later went to see Dr. Mario Palafox. His examination revealed some tenderness of the patient's neck and complaints of pain in her neck, back, left shoulder and wrist and severe headaches. Basically, his neurologic and x-ray examinations were within normal limits. He found no muscle spasm and his testing for nerve damage revealed none. He concluded that she had a sprain of the wrist, a tear of the rotator cuff in the left shoulder and a discogenic syndrome. He continued to see her for well over a year. He concluded that she had a twenty percent permanent disability of the body as a whole. She was never hospitalized and never received any physical therapy. Although she had worked at Sun Towers Hospital for about eleven years prior to

the accident, she had a very limited and menial work record after this accident.

In the first and second points of error, it is asserted that the trial court erred in refusing to submit Appellant's requested issues regarding injury and course of employment, and that the issue as submitted was a comment on the weight of the evidence. The compensation carrier in its answer denied that Mrs. Sullivan sustained any injury in her fall and it attempted to show that all of her physical problems were related to serious injuries which she received in an automobile accident in 1977. At the conclusion of the evidence, the insurance company requested special issues inquiring whether Mrs. Sullivan received an injury on August 9, 1980, and whether she was injured in the course of her employment. The trial court denied both issues, and by the first special issue inquired if the injury of August 9, 1980, was a producing cause of any total incapacity. The jury answered "yes" and found the duration of the total incapacity was "[p]ermanent."

The Appellee argues that the Appellant agreed at the pretrial conference that "injury" and "scope of employment" would not be contested issues upon the trial of the case. Appellant asserts that it was agreed only that it would not contest the fall. When the two requested issues were presented to the trial judge at the conclusion of the evidence, he initially ruled that it was stated at the pretrial hearing that these issues would not be raised. After further consideration, the judge said he would submit the two issues. He later changed his mind and refused the issues.

■ The trial court entered an extensive Order for Pre-Trial Conference which concluded: "[u]pon satisfactory completion of Pre-trial Conference, Court will enter such orders as the case may require for trial or further procedures as indicated." But, the problem for this Court is that no pretrial order was ever entered to reflect what issues were settled at the pretrial conference. Rule 11, Tex.R.Civ.P., requires agreements be in writing or entered of record. Where there has been no compliance with the rule, any agreement, even if made, is unenforceable. *Texas Electric Service Company v. Yater*, 494 S.W.2d 271 (Tex.Civ.App.—El Paso 1973, writ ref'd n.r. e.).

■ In a compensation case, it is necessary that the claimant obtain jury findings of an injury which was sustained in the course of employment in order to recover for any incapacity sustained. In this case, there is no finding on either issue and in the first issue the court actually submitted, it in effect advised the jury that there was an injury on August 9, 1980. In the Appellant's proposed charge as submitted at the pretrial conference, it was requested that the court assume an injury was received by the claimant while in the course of her employment when inquiring about "producing cause." By such request, the Appellant requested the court to submit the issue of producing cause without first submitting issues on "injury" and "course of employment." That is what the trial court did. A party has no right to complain of error which he has invited. *Flores v. Texas Employers Insurance Association*, 515 S.W.2d 938 (Tex.Civ.App.— El Paso 1974, no writ). Points of Error Nos. One and Two are overruled.

The Appellant complains in Point of Error No. Three that the trial court erred in admitting into evidence over its objection the recorded diagnosis of Dr. Palafox in the medical records which the Appellee offered. Plaintiff's Exhibit No. 1 consists of eighteen reports written by Dr. Palafox to Underwriters Adjusting Company over a period of eighteen months. Each was written on the day the doctor examined Mrs. Sullivan and they were from one to three and one-half pages long, setting forth his findings on physical, neurologic and x-ray examination. After his first examination on August 12, 1980, he wrote:

A diagnosis of sprain of the left wrist; tear of the rotator cuff, left shoulder, mild; post-traumatic headaches; post-traumatic cervical, thoracic and lumbosacral discogenic syndrome was made.

The patient is being treated conservatively. She will be followed in my office. I anticipate eventual full recovery. She was asked to remain off work for a period of four days. She will be re-evaluated at that time and a determination will be made as to her ability to return to work.

By the end of the year, he wrote that she should attempt to return to work on January 8 or 9, 1981. On April 3, 1981, he reported:

In my opinion, this patient continues to have persistent post traumatic cervical, thoracic and lumbar discogenic syndrome and that the patient will retain a temporary partial impairment of about 20% of the body as a whole. I believe that the patient is capable of performing light duty work, but I do concur with her, that she is unable to return to the type of work she was previously doing. She will require at least another year or two of conservative management with symptomatic treatment before her symptomology will subside.

On October 2, 1981, he wrote:

Diagnoses of persistent post-traumatic chronic arthralgia of the left shoulder; post-traumatic chronic cervical, thoracic and lumbosacral discogenic syndrome (ruptured disc syndrome) were made.

In my opinion, this patient will retain a 20% permanent disability of the body as a whole, as a result of her injuries.

After the records were identified by the custodian and offered in evidence, counsel for the carrier said: "It's my objection that there is no evidence in the record that the opinion of the doctor is based on reasonable medical probability."

■ Under the holdings in *Otis Elevator Company v. Wood,* 436 S.W.2d 324 (Tex. 1968) and *Loper v. Andrews,* 404 S.W.2d 300 (Tex.1966), upon which Appellant relies, a diagnosis based upon reasonable medical certainty is admissible. But, where the diagnosis is disputed and necessarily rests largely upon expert opinion, it is not admissible. Thus, a diagnosis of a herniated or ruptured disc would fall in the latter category. *Bishop v. Insurance Company of North America,* 565 S.W.2d 83 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.). In *Martinez v. Williams,* 312 S.W.2d 742 at 749 (Tex.Civ.App.—Houston 1958, no writ), the court said:

[W]here the statement of the physician consists of an opinion or a conclusion or of a diagnosis based upon his medical examination or findings of conditions not obvious or patently observable to persons generally, the same should be excluded. In such case the doctor should be brought into court where he might be cross-examined by opposing counsel.

We believe the diagnosis of a discogenic syndrome (ruptured disc syndrome) falls in that category of findings which is not obvious or patently observable and it was subject to objection.

■ But, in this case the general objection to Plaintiff's Exhibit 1, which exhibit consisted of twenty-five pages, was not sufficient to preserve any error. Where a party offers several items as a unit and the opponent merely objects to the whole offer, if parts of the offer are admissible there is no error in overruling the general objection which does not specify the specific part to which a valid objection could be made. *Brown & Root v. Haddad,* 142 Tex. 624, 180 S.W.2d 339 (1944); 1 R. Ray, Texas Law of Evidence, sec. 25 (Texas Practice 3rd ed. 1980). The trial court was not required to seek out what might have been expressed as an opinion in a twenty-five page exhibit. Counsel could have easily noted that part of the record where the doctor's diagnosis and opinion was contained, but no such effort was made. Point of Error No. Three is overruled.

■ The next two points are an attack upon the sufficiency of the evidence. We pass upon the no evidence and great weight points of error under the standard set forth in *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965) and *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). There was substantial evidence not only from the treating doctor but also from friends and associates to support the verdict. The evidence reflects a person who had been a

good and reliable employee for many years, who returned to work shortly after sustaining serious injuries in an automobile accident, but who has been unable to obtain and retain employment since this fall. The jury obviously rejected the contention that her prior injuries were the cause of her present disabilities. Points of Error Nos. Five and Six are overruled.

The last contention is that the trial court erred in excluding testimony regarding the death of a passenger in the automobile accident in 1977. A bill of exception was perfected to show that in the accident in which Mrs. Sullivan was seriously injured in 1977, a close personal friend was killed. Following that accident, she returned to work and apparently had no serious emotional or mental problems which in any way disabled her from being a good employee. We find no error in excluding the proffered evidence. Point of Error No. Seven is overruled.

The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

The Appellant has filed a very forceful motion for rehearing in which it urges that it properly preserved its complaint about the court's charge and contends that it did not invite any error as we concluded in our original opinion. The motion notes:

> The Court of Appeals properly notes that *at the pre-trial conference* Appellant submitted special issues which assumed the fact of injury and injury in the course of employment.

But, the argument states:

> Appellant strenuously contends that it in no way admitted the fact of injury, or injury in the course of employment by preliminarily proposing a jury charge *at the pre-trial conference* assuming these two facts. The opinion of the Court of Appeals herein would seem to indicate that once a party had preliminarily submitted its requested special issues *before* trial, it could never change or withdraw those requests *after* it had heard the

evidence adduced during the course of trial. Having observed the evidence develop at trial, and noting as the Court of Appeals did that the claimant had chosen not to testify, Appellant's counsel properly requested special issues on the fact of injury and injury in the course of employment.

Our original opinion should not be construed as holding that in every case a party is conclusively bound by the special issues submitted at a pretrial conference. The argument made by Appellant fails to recognize that perhaps the reason Mrs. Sullivan did not testify was because a determination had been made at the pretrial conference that there would be no issue on "injury" or "course of employment" and with those issues out of the case, counsel made a decision not to use the plaintiff as a witness for some tactical reason. Had the trial court entered an order after the pretrial conference, as it should have, that the parties stipulated as to injury and course of employment, certainly those issues could not have been submitted to the jury after the plaintiff rested her case without testifying or offering other evidence on those issues.

Based upon the facts in this case, we are still persuaded that the court's error in failing to submit the requested issues on injury and course of employment was invited by the issues which the Appellant requested at the pretrial conference. Those requested issues were not conditioned upon the plaintiff testifying in this case and were a representation to the trial court that injury and course of employment were not contested issues in the case. We again note that this problem could have been avoided by the entry of a proper pretrial order.

The Appellant's motion for rehearing is overruled.