**Roger OGBURN and Marty Ogburn, Relators,**

v.

**Honorable J.E. BLACKBURN, Judge, Respondent.**

**No. 07–85–0254–CV.**

Court of Appeals of Texas, Amarillo.

Sept. 18, 1985.

J. Kenny Norris, Perryton, for relators.

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relators Roger Ogburn and Marty Ogburn, husband and wife, move for leave to file their petition for writ of mandamus as an original proceeding in this Court. They seek the writ to compel respondent, the Honorable J.E. Blackburn, Judge of the 84th Judicial District Court of Ochiltree County, to vacate his 9 September 1985 order granting a motion to transfer and to deny the motion in Cause No. 7096 on the docket of the trial court. Because the re-

spondent judge's action, even if erroneous, is not controllable by mandamus, the motion for leave to file the petition is overruled.

In May of 1982, Kennye Ruth Brown and Alfred Leon Brown, then husband and wife, were divorced in Oklahoma, the court entrusting the care and custody of their minor daughter to Mrs. Brown. Later, Mrs. Brown moved with the child to Perryton in Ochiltree County, and in September of 1982, the child began living with Mr. and Mrs. Roger Ogburn in Perryton. In April of 1984, the Ogburns filed an action in Cause No. 7096 on the docket of the 84th Judicial District Court of Ochiltree County by which they sought to impose on the natural parents, the Browns, the liability prescribed by the Texas Family Code for the necessaries of life, alleged to be in excess of $14,000, provided for the child by the Ogburns. See Tex.Fam.Code Ann. § 4.02 (Vernon Supp.1985), § 12.04(3) (Vernon Pamp.Supp.1975 to 1985).

The child's natural father, Alfred Leon Brown, filed his verified motion to transfer, alleging that he is a resident of Odessa in Ector County and that no exception to the general venue statute exists. See Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon Pamp. Supp.1964 to 1985). The Ogburns responded to the transfer motion, supporting their response with an affidavit, asserting that venue is proper in Ochiltree County both because the defendant Kennye Ruth Brown is a resident of Perryton and because the cause of action occurred in Ochiltree County. See Article 1995, supra, §§ 1, 4(a). Upon consideration, the court on 9 September 1985 ordered "that the Motion to Transfer the above entitled and numbered cause [No. 7096] to Ector County, Texas, is hereby GRANTED."

Applying for the writ of mandamus to compel Judge Blackburn to vacate his order and to deny the motion to transfer, the Ogburns submit that this Court has jurisdiction to grant the writ under Article 1824 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1985). In this regard, the statute now provides that a court of appeals "may issue all writs of Mandamus agreeable to the principles of law regulating such writs, against any Judge of a District ... Court."

The motion to transfer was a request for the court to transfer the action from the county where it was filed to another county, Texas Rules of Civil Procedure 86, subd. 3, by the exercise of the court's discretion, Crouch v. Shields, 385 S.W.2d 580, 583 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r.e.), cert. denied, 382 U.S. 907, 86 S.Ct. 232, 15 L.Ed.2d 159 (1965), as an incident of the normal trial process. It is a familiar principle of law that a writ of mandamus will not issue to control or revise the exercise of discretion by a trial court in the performance of a judicial act, even though the court's action may be erroneous. Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 651–52 (1958). An equally familiar principle is that a writ will not issue to control or correct a ruling which is a mere incident in the normal trial process where there is an adequate remedy by appeal for correction of any erroneous ruling. State ex rel. Pettit v. Thurmond, 516 S.W.2d 119, 121 (Tex.1974); Iley v. Hughes, supra, 311 S.W.2d at 652. The general venue statute on which the parties relied in the trial court for their respective assertions of proper venue, Article 1995, supra, specifically provides that the court's venue determination may be appealed in the appeal from the trial on the merits. Article 1995, supra, § 4(d)(2). It logically follows that the issuance of a writ of mandamus to control or correct a trial court's order on a motion to transfer would not be agreeable to the principles of law regulating such writs under Article 1824, supra.

Beyond that, there is another reason why the writ of mandamus will not issue to control the trial court's order determining a motion to transfer. The order granting or denying a motion to transfer is an interlocutory order from which, it is mandated, an interlocutory appeal may not be taken. Article 1995, supra, § 4(d)(1); Tex.R.Civ.Pro. 87, subd. 6. To allow the use of a writ of mandamus to control the court's interlocu-

tory nonappealable venue order would permit the very interlocutory appeal the statute was enacted and the rule was promulgated to prohibit. *See, e.g.,* Herring, *New Venue Rules and Procedures: Amendments to Article 1995 and the Texas Rules of Civil Procedure,* 46 Tex.B.J. 1300 (1983). It is not agreeable to the principles of law to sanction an indirect accomplishment of that which the law prohibits.

Accordingly, the Ogburns' motion for leave to file their petition for writ of mandamus is overruled.