Robert Neal **KIRKPATRICK**, Relator,

v.

Frances **HARRIS**, Judge, 302nd Judicial District Court, Dallas County, Texas, Respondent.

No. 05–86–00676–CV.

Court of Appeals of Texas, Dallas.

Aug. 12, 1986.

Rodney R. Elkins, Dallas, for relator.

Mary S. Black, Dallas, for respondent.

Before STEPHENS, VANCE and McCLUNG, JJ.

STEPHENS, Justice.

Relator Robert Neal Kirkpatrick filed this petition for writ of mandamus to compel respondent the Honorable Frances Harris, Judge of the 302nd Judicial District Court of Dallas County, Texas ("302nd Court"), to conduct an evidentiary hearing on temporary orders in a pending divorce action in the trial court after a hearing and recommendations of the master. On May 16, 1986, Robert timely filed a notice of appeal and request for hearing before the court after the master made her recommendations, pursuant to section 54.012(c) of the Texas Government Code.[1] On May 27, 1986, real party to interest Deanna Beth Kirkpatrick, moved to quash the notice of appeal for lack of specificity under section 54.013 of the Government Code. Three days later, on May 30, Robert filed a first amended notice of appeal and request for hearing, in an effort to cure Deanna's objections. On June 4, the 302nd Court granted Deanna's motion to quash and entered temporary orders pursuant to the master's recommendations, without holding an evidentiary hearing. Robert contends that he has an absolute right to file an amended notice of appeal, that the amended notice relates back in time to the original notice and was therefore timely filed, and that he is therefore entitled to an evidentiary hearing before the court as a matter of right. We agree. Accordingly, we conditionally grant the writ of mandamus.

Section 54.013 of the Texas Government Code, as amended by Acts 1985, 69th Leg., p. 6323, ch. 851, § 1 (Vernon 1986), states, in relevant part:

The request [for hearing before the referring court] shall state specifically the findings and conclusions of the master that are objected to, and the hearing shall be limited to those findings and conclusions.

(This amendment purports to amend a statute repealed by the enactment of the Government Code, but section 311.031(c) of the Government Code purportedly operates to save the amendment).

There is no dispute that Robert's original notice of appeal was timely filed. TEX. GOV'T. CODE ANN. § 54.012(c) (Vernon 1986) (requiring request for hearing to referring court within three days of receiving master's recommendations). Assuming, without deciding, that Robert's original notice was defective in that it did not comply with section 54.013 as amended, the question is whether Robert had a right to amend and to cure the asserted defects, so that he sufficiently protected his right to an evidentiary hearing before the 302nd Court, so long as no prejudice to the opposing party is shown.

■ As a general principle, the opportunity to amend pleadings is a matter of right. *Ragsdale v. Ragsdale*, 520 S.W.2d 839, 842 (Tex.Civ.App.—Fort Worth 1975, no writ); *Cactus Drilling Corp. v. Hager*, 487 S.W.2d 758, 760 (Tex.Civ.App.—El Paso 1972, no writ). An amended pleading relates back in time to the superseded pleading, unless a new cause of action or a new party is added. *Elkins v. Auto Recovery Bureau*, 649 S.W.2d 73, 74–75 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). The court has discretion to deny leave to amend only when amendment is sought within seven days of trial and when the adversary party would be prejudiced by surprise because of the attempted amendment. TEX. R. CIV. P. 63.

We note that, by analogy, the timely filing of a cost bond to perfect an appeal from a district court to a court of appeals is jurisdictional. However, no matter how defective the original bond is, if timely filed, it may be amended. All that is necessary is that the one filing an instrument intend it to be a bond and to invoke appellate jurisdiction. *Shults v. State*, 682 S.W.2d

1. All statutory references are to the Texas Government Code (Vernon 1986).

260, *passim* (Tex.1984) (per curiam); *Pharis v. Culver*, 677 S.W.2d 168, 170 (Tex.App.—Houston [1st Dist.] 1984, no writ). Such reasoning applied to the instant case would mean that Robert, who had clearly intended to protect his right to a court hearing, would have timely filed his notice of appeal, which, however defective, could be amended, provided no action had been taken by the trial court before the amendment.

■ Deanna argues that granting or denying leave to amend is wholly discretionary with the court. There is nothing in the Government Code, however, that prohibits amending a notice of appeal from a master's recommendation or a request for an evidentiary hearing before the court. It is true that, under section 54.012(d), if no notice of appeal or request for hearing is timely filed within three days after the master's recommendations, holding a hearing becomes discretionary with the court. In the instant case, however, a notice of appeal was timely filed, and the question is whether that notice, as amended, sufficiently protected Robert's right to a hearing before the referring court under the Government Code, sections 54.012(a) & (c). We hold that it did.

In the instant case, we note that Robert filed his amended notice of appeal within three days after Deanna notified him, by her motion to quash, of the asserted defects of the original notice. We note further that a hearing must be held "not later than the 30th day" after the filing of a request for hearing. TEX.GOV'T.CODE ANN. § 54.013, as amended by Acts 1985, 69th Leg., p. 6323, ch. 851, § 1 (Vernon 1986). Robert filed his original notice of appeal on May 16, and his amended notice of appeal on May 30, well within the 30–day period for holding a hearing, and prior to any action being taken by the trial court.

We fail to see how an evidentiary hearing pursuant to Robert's amended notice of appeal would in any way surprise Deanna or prejudice her rights, particularly since the master's recommendations, when entered as an order of the court, are as enforceable as a court order pending the court's evidentiary hearing. TEX. REV. CIV. STAT. ANN. art. 1918f-1, § 14, amended by Acts 1985, 69th Leg., p. 5048, ch. 667, § 14 (Vernon Supp.1986). Deanna advances policy arguments, based upon judicial economy and the minimization of litigation expenses. Such considerations are without merit.

■ Mandamus lies when there is no other adequate remedy at law. *Salgo v. Matthews*, 497 S.W.2d 620, 625 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (mandamus does not lie when there is an adequate remedy at law). It is true that temporary orders pending a final decree of divorce are not appealable. *Craft v. Craft*, 579 S.W.2d 506, *passim* (Tex.Civ.App.—Dallas 1979), *writ ref'd per curiam*, 580 S.W.2d 814 (Tex.1979); TEX.FAM.CODE ANN. §§ 3.58(g) & 11.11(g) (Vernon Supp.1986). It is also true that a writ of mandamus cannot be used to accomplish the very interlocutory appeal prohibited by statute or rule. *Ogburn v. Blackburn*, 697 S.W.2d 822, 823–24 (Tex.App.—Amarillo 1985); *cf. Wike v. Dagget*, 696 S.W.2d 79, 82 (Tex. App.—Houston [14th Dist.] 1985) (lack of right to appeal from interlocutory order no justification of mandamus).

■ Yet the issue in the instant case does not reach the merits of the temporary orders at all. The sole issue is whether a court should decline to hold an evidentiary hearing when a party has timely filed a defective, but curable, request for a hearing. The harm is not simply that Robert will be subject to temporary orders that he does not like pending the divorce action; the harm is that Robert will be subject to such orders without ever having had a hearing before the court. The temporary orders impose financial obligations upon Robert, but they also impose visitation rights and constraints upon Robert's visiting the minor child of the marriage. Therefore, Robert's parental rights are being affected pending the divorce action, and the exertion of those rights cannot be restored to him upon appeal of any final

decree of divorce. That is the irreparable harm that relator faces: alteration of material rights without a hearing before a court of law.

We hold, therefore, that Robert timely protected his right to an evidentiary hearing before the 302nd Judicial District Court of Dallas County, Texas, and that he was entitled, as of right, to file the May 30 amended notice of appeal and request for hearing, relating back in time to the May 16 original notice. Accordingly we conditionally grant the petition for writ of mandamus and direct Judge Harris to vacate the July 1, 1986, order granting Deanna's motion to quash and to conduct forthwith an evidentiary hearing on the temporary orders recommended by the master on May 14, 1986. We trust that Judge Harris will immediately enter an order vacating the July 1 order, file a certified copy of that order with the Clerk of this Court, and conduct an evidentiary hearing on the temporary orders. The writ shall issue only if Judge Harris fails to do so.