**Maureen I. SHAFER, Relator,**

v.

**Theo BEDARD, Judge, 330th Judicial District Court of Dallas County, Texas, Respondent.**

**No. 05–88–00955–CV.**

Court of Appeals of Texas, Dallas.

Nov. 29, 1988.

Robert Edwin Davis, Edwin W. Davis, Weston C. Loegering, and Kenneth D. Fuller, Dallas, for relator.

Andrew Barr, Nancy A. Strehlow, Jay Stroman, Dallas, for Trammell Crow Co.

Thomas P. Goranson, Darrell E. Jordan, Timothy L. Hall, Dallas, for Gary D. Shafer.

William H. Pool, Dallas, for respondent Judge Theo Bedard.

Before STEPHENS, STEWART and ROWE, JJ.

STEWART, Justice.

Relator Maureen Shafer brings this petition for writ of mandamus to command the Honorable Theo Bedard, Judge of the 330th Judicial District Court of Dallas County, Texas, to vacate a protective order restricting her use of the financial records of

partnerships and corporations in which her husband owns an interest. Because we find that Maureen has waived the grounds she asserts in this proceeding, we deny the writ.

Maureen Shafer and Gary Shafer are involved in a divorce proceeding in Judge Bedard's court. Gary Shafer holds a substantial interest in Trammell Crow Corporation and its affiliated companies ("Trammell Crow"). In an initial attempt to establish some basis for an accounting for a property settlement, Gary Shafer produced a list of over two hundred partnerships and corporations affiliated with Trammell Crow in which he held an interest. On January 15, 1988, Maureen served a request for production of documents connected with the two hundred partnerships and corporations. She later amended her request to include only twenty-three partnerships and four corporations.

Gary timely filed a request for a protective order, claiming that the records requested were confidential business records and trade secrets of Trammell Crow. Maureen filed an answer to Gary's motion, together with a motion to compel production, in which she agreed that a protective order concerning business records and financial data pertaining to Trammell Crow should be entered. However, she proposed a protective order of far more limited scope than that offered by Gary Shafer.

On March 22, 1988, Trammell Crow filed its own motion for protective order, in which it claimed that the documents being produced for Maureen Shafer could be used to the detriment of Trammell Crow if the contents of the documents were disclosed to competitors, tenants, customers, parties with whom business transactions were being negotiated, or the public. Accordingly, Trammell Crow requested that it be given standing to seek a protective order, to file objections, to assert privileges, or to otherwise file motions in connection with any requests filed by Maureen or Gary requesting information concerning Trammell Crow, and requested that a protective order be entered.

On April 14, 1988, Judge Bedard held a hearing on the requests for a protective order. In the course of the hearing, counsel for Maureen Shafer said that the material requested was confidential, and that Maureen would treat the requested information as if it contained trade secrets. In addition, Maureen offered a proposed protective order which, *inter alia*, covered all documents obtained from Trammell Crow and forbade dissemination of both the documents obtained and the substance of any information obtained.

On May 3, 1988, Judge Bedard entered the protective order which is the subject of this mandamus. The order:

(1) limited use of the documents to the lawsuit only;

(2) allowed the parties to ask the court for permission to share the information with litigants in other cases;

(3) limited access to the documents to the parties, their attorneys, attorneys' staff, witnesses, experts, prospective witnesses, consultants, and court reporters, as long as the person obtaining access has first signed an agreement to be bound by the protective order;

(4) allowed Trammell Crow to provide to the parties a list of no more than five persons per city to whom disclosure of the information would be detrimental to Trammell Crow;

(5) ordered parties to keep a record of documents copied and the number of photocopies made of documents, and limited access to photocopies to the persons having access to original documents under the protective order;

(6) required that any pleading, motion, brief, or other court document filed which contained information covered by the protective order be placed in a sealed envelope, and directed the clerk of the court to release such information only to persons who have a right to access under the protective order;

(7) required that any testimony, exhibits, or other documents introduced at trial, and any notes or recordings made by a court reporter, containing information covered by the protective order, be kept

separate from the public records and made available only to persons covered by the protective order;

(8) directed the parties wanting to retain possession of information covered by the order following trial to file a motion so requesting, and ordered that in the absence of such motion, the documents be returned to Trammell Crow; and

(9) granted Trammell Crow standing to seek protective orders, file objections, and assert privileges to requests for production of documents.

Maureen's complaints concerning the protective order fall into five areas: (1) there was no competent evidence to support the issuance of a protective order; (2) Trammell Crow failed to show that the documents for which it sought protection were either trade secrets or proprietary information; (3) the protective order is overbroad in that it covers the dissemination of "stale" documents, documents whose age precludes their inclusion under the protective order; (4) the protective order impermissibly burdens sharing discovery with litigants in other cases similarly situated; and (5) the protective order improperly restricts her right to access to the documents, since she has a clear right to access pursuant to the Uniform Partnership Act.

Trammell Crow and Gary Shafer respond that: (1) Maureen waived, or is estopped from asserting, any claim concerning the sufficiency of the evidence supporting issuance of the protective order or concerning the breadth of the order by agreeing that all of the documents should be covered by a protective order; (2) the evidence introduced at the April 14 hearing supported Judge Bedard's issuance of the protective order; (3) the protective order does not burden Maureen's right to contact litigants in other cases for information; (4) Maureen does not have an absolute right to access to documents and to disseminate information under the Uniform Partnership Act; and (5) the terms of the order have been expressly approved of by the supreme court.

We will first address Gary's and Trammell Crow's contention that Maureen has waived any right to challenge the sufficiency of the evidence presented to Judge Bedard. The record reflects that Maureen filed a response to Gary's request for a protective order, in which she agreed that a protective order should issue. She also offered a proposed protective order which covered all documents to be disclosed to her by Trammell Crow. Maureen tendered a second proposed protective order on April 14, the date of the hearing on the motion for protective order. In addition, counsel for Maureen admitted at hearing that the documents concerning the business of Trammell Crow were confidential and later said that Maureen would treat the documents as if they were trade secrets.

■ A party who judicially admits a fact cannot later challenge that fact. *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). Judicial admissions are a waiver of proof. *Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726 (1941); *Sanroc Company International v. Roadrunner Transportation,* 596 S.W.2d 320, 323 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ). In order to constitute a judicial admission, statements made must be clear and unequivocal. *Hilliard v. Hilliard,* 725 S.W.2d 722, 724 (Tex.App.—Dallas 1985, no writ).

■ A party may not receive relief via mandamus when the same relief by appeal is prohibited by statute or rule. *Kirkpatrick v. Harris,* 716 S.W.2d 124, 126 (Tex. App.—Dallas 1986, orig. proceeding). It follows, then, that a party is not entitled to relief in mandamus when, had she raised the same point on appeal, she would be deemed to have waived the point.

■ We find that the statements and proposed orders of relator in the present cause were sufficiently unequivocal to constitute judicial admissions. Maureen first agreed that the documents were entitled to some form of protection in her reply of March 7 to the motion for protective order filed by Gary Shafer. In the hearing on April 14, counsel for Maureen both agreed to the entry of a protective order and read into the record a proposed order. The

statements made by counsel admitting the need for a protective order serve as judicial admissions, which Maureen may not now reject. We hold that by making these admissions, Maureen·Shafer waived any right to challenge the sufficiency of the evidence supporting the issuance of the protective order in this case. We further hold that Maureen waived any right to assert a claim to unfettered use of the documents under either the Uniform Partnership Act or the Business Corporations Act.

■ Maureen has argued that her admissions were nothing more than offers to compromise. If so, she would have had a right to object to the introduction of any evidence of the offers. TEX.R.CIV.EVID. 408. However, Maureen did not object; rather, *she* presented to the trial court her "offers of compromise." As a result, we conclude that she has waived any complaint concerning her introduction of proposed orders and her admission that the documents covered by the protective order were in fact confidential. As a result, we find that there was no abuse of discretion in the trial court's entry of a protective order.

■ Next, relator claims that the protective order impermissibly burdens her ability to contact litigants in other cases similarly situated. She also argues that the order is overbroad, since it protects "stale" documents, that is, documents which once may have been confidential, but due to the passage of time are no longer entitled to such protection. Specifically, Maureen complains of that portion of the order that states:

> This order does not preclude the application for further orders of the court to permit sharing of discovery with other litigants in other divorce cases.

Maureen contends that this provision will force her to disclose attorney-client information and attorney work product; will give opposing counsel a blueprint of her case; will substantially delay the litigation through the requirement that she file a motion and obtain a hearing before proceeding with case preparation; and destroys her right of shared discovery established in *Garcia v. Peeples*, 734 S.W.2d 343, 348 (Tex.1987).

The trial court's protective order does not list "similarly situated litigants" among those who may have access to the documents if they first sign an agreement to be bound by the protective order. Thus, *this* order bars Maureen from disseminating any discovered documents, or information from them, to similarly situated litigants. The trial court's willingness to consider future sharing neither alters the finality of this order nor precludes Maureen from complaining of action already taken by the trial court. *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex.1984).

Indeed, the protective order in *Garcia v. Peeples* also had a provision which required Garcia to obtain the trial court's approval before sharing information with other litigants. *Garcia v. Peeples*, 734 S.W.2d at 349 (Hill, C.J., dissenting). Nevertheless, the supreme court held that the trial court abused its discretion in rendering an overbroad order because it failed to allow Garcia to exchange information and ideas with other litigants. *Id.* However, there is no indication in that case that Garcia submitted a proposed order to the trial court and urged the court to adopt it.

In the case at bar, Maureen's proposed order had no provision for sharing information with similarly situated litigants. Her order provided that her counsel could make copies of the documents and materials produced and stated:

> ... such copies shall not be disseminated or distributed other than to persons who are authorized to use them in regard to this case as provided herein.

Her order allowed inspection of the documents and materials by Maureen, her counsel or any judge having jurisdiction of the divorce case in the 330th District Court "for the sole purpose of matters related to" her divorce case. Her proposed order also allowed her counsel to exhibit the documents and materials to her experts if her counsel first obtained their written agreement to be bound by the terms of her proposed order.

On the other hand, the trial court's order here was less restrictive than Maureen's proposal. In addition to those listed in Maureen's order, the trial court allowed access to attorney's staff, witnesses, prospective witnesses, consultants and court reporters if they first signed an agreement to be bound by the protective order. Consequently, Maureen got more relief than she asked for in the trial court.

In addition, the proposed order submitted by Maureen did not limit the protection of information provided by Trammell Crow to current information, but instead protected all information. The order entered by Judge Bedard similarly protected all information.

 A party is estopped from complaining of error in the trial court when the error occurred at the party's request. *Northeast Texas Motor Lines v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 488 (Tex Comm'n App.1942, opinion adopted); *Flores v. Texas Employers Insurance Association,* 515 S.W.2d 938, 941 (Tex.Civ. App.—El Paso 1974, no writ). In the present case, Maureen complains of portions of Judge Bedard's order which are in substance identical to or less restrictive than those she proposed. The order entered by Judge Bedard did not repeat verbatim the terms offered by relator; however, the terms were substantially alike. We do not believe that the question of whether Maureen is estopped from complaining about Judge Bedard's order turns on the precise wording of the order. Rather, the issue is whether Maureen requested that the trial court issue an order containing terms which she now contests. Clearly, the order contains terms which, except for their precise wording, are either exactly what Maureen requested or more generous than the terms she requested. As a result, we find that Maureen may not now challenge the protective order on the grounds urged.

Because we find that Maureen has waived any claim as to the sufficiency of evidence supporting Judge Bedard's entry of a protective order and that she is estopped from complaining of the breadth of the order, we deny Maureen's petition for writ of mandamus.